| | |
|---|---|
| 21 | 175 |
| 56 | 109 |
| 21 | 175 |
| 57 | 607 |

</div>

## SPRING and wife *vs.* FISK and wife.

When the condition of the bond provides that upon failure to pay the interest within a definite time after it becomes due, the principal shall become due, mere negligence or forgetfulness as to the place where or person to whom it is to be paid, will not excuse the non-payment, and the contract will be enforced.

This cause was argued on final hearing, upon the pleadings and proofs.

*Mr. A. S. Jackson,* for complainants.

*Mr. Abbett,* for defendants.

THE CHANCELLOR.

This suit is for the foreclosure of a mortgage given by J. W. Sargent, to the complainant, Abby G. Spring, wife of the complainant, Gardner Spring. The mortgage is dated October 21st, 1867, is payable October 21st, 1870, with interest, payable at the end of every six months from date; and a provision that the whole principal sum shall become due, if any installment of the interest should not be paid within ten days after it became due. The mortgaged premises were conveyed to the defendant, James Fisk, junior, in October, 1868, subject to the mortgage to Mrs. Spring, which had been recorded at length in the office of the clerk of Hudson county, in which the property is situate, on the day of its date. Fisk, by his agent or counsel, paid the interest which fell due in October, 1868, to S. G. Babcock, the business agent of Mrs. Spring, in November, 1868. The installment which fell due April 21st, 1869, was not paid within ten days, and thereupon Babcock wrote a note to Fisk, stating the fact, and that he would require the whole of the principal to be paid, according to the condition of the mortgage. Fisk, by his agent, Morgan, on the 8th day of May, 1869, tendered the amount due for interest on the same to Babcock, as the agent of Mrs. Spring; this he refused to receive; he also refused to give information as to the residence of Mrs. Spring, saying that she left her business with him, and that he alone would attend to it. Fisk or his agents then did not know the residence of Mrs. Spring, the mortgage styling her of the city of New York, without giving the name of her husband, who was a well known clergyman in that city, and his name would have apprised the defendant of her residence, which, without it, could not be ascertained from the directory.

The evidence shows that Seth G. Babcock, the agent of Mrs. Spring, had an established regular place of business in the city of New York, and I am satisfied from the evidence that notice was given to Fisk, or the agent of Fisk, in this purchase, at the time of the purchase, that Babcock was

such agent, and that the interest was to be paid to him. E. A. Babcock, who was present as counsel for Sargent, at the time of the transfer to Fisk, states with considerable confidence, that he told this to Fisk himself, and gave him a memorandum of his name and place of business. In November, 1868, the counsel of Fisk wrote to Seth G. Babcock, inquiring where the interest was to be paid, and sent it to him at his place of business in two days after receiving an answer. The insurances on the property were renewed by Fisk, and the renewals sent to Babcock in December, 1868, and January, 1869. The counsel of Fisk borrowed of Babcock, the abstract of title given to Mrs. Spring on her making the loan and retained it until May, 1869.

There is no dispute as to the fact that this interest was not paid or tendered, until after the ten days had expired. The only question is, whether the non-payment is excused by accident, mistake, or inadvertence, in such way, as by a court of equity the forfeiture of the credit should be avoided. The defendant does not allege that he did not know of the mortgage, or of the time when the interest became due, or of the time of forfeiture. As the mortgage was recorded at length, he is presumed to have known these facts, and if it was shown that he did not, ignorance arising from such plain negligence would not excuse him.

The defence is, that he did not know where, or to whom the interest was to be paid. The direct proof, confirmed by the circumstances of payment of the previous interest to Babcock, the sending the renewals of the insurances to him, and the borrowing of the abstract of title from him, satisfies me that the agents of Fisk, to whom he entrusted the purchase of this property, the payment of the interest and renewals of the insurance, knew that S. G. Babcock was the agent of Mrs. Spring, to whom the interest was to be paid ; and the evidence of E. A. Babcock, uncontradicted by Fisk, is sufficient to show that Fisk had definite notice of this fact himself.

The only question then to be considered is, whether when

a mortgagor or his agents, by inattention or inadvertence, overlook or forget the name or residence of the person to whom the interest is to be paid, this shall excuse payment of it in the time stipulated, so as to prevent the principal from coming due, as provided in the mortgage.

The excuse in this case is not accident, or mistake, or even inadvertence, in the sense in which that term is used in such case in equity, but it is mere negligence. It was the duty of the defendant, or his agent, to recollect or make a note of the person to whom, and the place where the interest was payable. A man of moderate business, owning but one house subject to a single mortgage, would and could recollect this. If the defendant, as would seem, was a man of large property, which required agents to take charge of it, he or they should have kept memorandums; not to do so was negligence, and such omission would, if allowed as an excuse in all cases, excuse the wealthy from paying any attention to these provisions. And it was, besides, easy to have inquired of Sargent or of Babcock where this interest was to be paid.

These provisions in mortgages are intended to guard against negligence as well as against bad faith. Persons who loan money ought not to be prevented by any rule to be established as equity, from thus providing against negligence. The simple excuse that the mortgagor had forgotten the time when the interest became due would be good against these provisions, if the excuse that he had forgotten the residence of the mortgagee, or the name of his agent, is allowed. I do not feel willing to adopt the principle that in a case like this, mere negligence will excuse the payment at the day, and avoid the consequence of non-payment.

These are not cases of forfeiture; these provisions forfeit no right that the mortgagor had, not even a right to credit. That right to an extended credit for years, by the agreement between the parties, he was only to have on condition that he paid the interest within a stipulated time. A mortgagee who needs her money for support and the necessaries

of life, has the right to say to the borrower that she will not lend him her money for a term of years, or at all, unless he will bind himself to pay the interest in a reasonable time after it falls due; else she might suffer by want of comforts, for which she relied upon that income, that would only go to her heirs after she had passed away. Hence, courts of equity, which allow of no penalty for the non-payment of money by a negligent or faithless borrower, have approved and do enforce stipulations of this nature, and I know of no case in which they have not been enforced on account of the mere negligence or forgetfulness of the mortgagor. Chancellor Walworth, in *Noyes* v. *Clark*, 7 *Paige* 179, says: "The parties to the original agreement had an unquestionable right to make the extension of credit depend upon the punctual payment of the interest at the times fixed for that purpose. And if, from the mere negligence of the mortgagor in performing his contract, he suffers the whole debt to become due according to the terms of the mortgage, no court will interfere to relieve him from the payment thereof according to the terms of his contract."

In *Baldwin* v. *Van Vorst*, 2 *Stockt.* 581, Chancellor Williamson, says: "If the court relieves the defendant it destroys the very object of the agreement to secure prompt payment. The parties have made this the essence of their contract, and when the debt is as large as this one is, prompt payment of the interest is matter of great consequence. Interest upon interest might be a fair compensation. But this mode of redress deprives the party of the benefit of his contract. It will not secure prompt payment in the future." "If the court grant this relief the very object of the agreement will be defeated, and this court virtually declares that the parties shall not make an agreement by which the length of credit shall depend upon the prompt payment of the interest as it becomes due." This decision of the Chancellor having been affirmed in the Court of Appeals, without any opinion delivered, it is fair to infer that his reasoning was approved and adopted. And Justice Dalrymple, in

delivering the opinion of the Court of Appeals, in *De Groot* v. *McCotter*, 4 *C. E. Green* 533, says : " If the non-payment of the interest falling due in May or August, happened by the *negligence* of the defendant, the forfeiture has been incurred, and the contract will be enforced as well in equity as at law." Such was the ruling of Chancellor Williamson, in the case of *Baldwin* v. *Van Vorst*. In the decision of that case, as well as the reasoning by which it is supported, I entirely concur.

The complainant is entitled to a decree.