## ACKENS vs. WINSTON and others.

1. Where the bond and mortgage call for interest, without naming the rate, the rate fixed by the law at the date of the instruments will be chargeable.

2. Where the mortgage is recorded in full, and provides for the payment of interest during the ten years, at the end of which the balance of principal is to be paid, without saying how often during such time, a purchaser of the mortgaged premises has notice from the record that some periodical payments of interest were intended, and the fact that these payments were to be yearly, may be proved so as to bind him.

3. Such proof does not contradict or alter the terms of the instruments, or their expressed meaning, but supplies their obvious omissions and corrects their ambiguities, subject to which the purchaser bought.

4. It appearing that yearly payments were intended, held that this should be decreed to be the true construction of the mortgage, and that the complainant was entitled to recover the interest for each year remaining unpaid, and, under the circumstances of the case, the costs of the suit.

5. Where the mortgage in such case provided that in default of payment of interest within sixty days after the same became due, the whole principal should be immediately due, the payment of such principal was not enforced, because the conditions on which immediate payment depended were not stated with sufficient explicitness. The true interpretation and construction of the conditions being settled, they may be operative as to the future, but not as to the past.

The bill in this cause was filed to foreclose a mortgage for $2500, dated July 24th, 1865, made by Murphy and wife to Ackens, to secure part of the purchase money of land in the county of Morris, conveyed by Ackens to Murphy. The controversy grows out of the provisions of the mortgage and the bond, respecting the rate of interest and the time when interest is payable.

The condition of the bond is in these words : "$2500 according to a mortgage of even date with this, lawful money aforesaid; five hundred in five years from the first of April next, and the balance in ten years from the first of April next; the whole sum to come due if the interest is not paid within sixty days from the time it is due, at any time in the ten years, with interest for the same, at the rate of lawful per cent. per annum, interest to commence from the first of April next."

The proviso of the mortgage is for the payment of $2500, as follows, viz.: "Five hundred dollars in five years from the first of April next, and the balance in ten years from the first of April next, interest to commence on the first of April next, A. D. 1866, on the whole sum ; and it is agreed by both parties that if the said Murphy does not pay the interest within sixty days from the time. it becomes due, at any time during the ten years, then the whole sum becomes due, both principal and interest, and may be prosecuted at any time the holder sees fit so to do, according to a bond bearing even date herewith."

The mortgage was recorded in full in the clerk's office of Morris county, August 26th, 1865. Murphy and wife conveyed the mortgaged premises March 6th, 1869, to Joseph and James C. Blake, who, with their wives, conveyed on the same day to the defendant, Winston.

The interest claimed to be due for the year ending April 1st, 1870, not being paid within sixty days, or at any time thereafter, the bill was filed, alleging that the bond and mortgage were intended by the parties to call for interest, payable yearly at the rate of six per cent., and praying that they be reformed so as to express such agreement, and that the whole principal of $2500 be decreed to be paid, with interest, by reason of the non-payment of the year's interest for more than sixty days after the same became due.

The cause was heard upon the pleadings and proofs before the Vice-Chancellor, to whom the same had been referred.

Ackens v. Winston.

*Mr. F. A. Demott,* for complainant.

*Mr. F. G. Burnham,* for defendant.

THE VICE-CHANCELLOR.

It clearly appears from the evidence, and was admitted on the argument, that the intention of the parties to the mortgage was that interest should be payable yearly, and at the rate of six per cent. per annum. The scrivener who drew the papers testified that he was instructed by Murphy and by Ackens to insert in them provisions to that effect, and that he thought he had done so.

It was also admitted that the defendant, Winston, had no notice of this intention of the parties, except so far as he is chargeable with it by the record of the mortgage.

I see no difficulty as to the *rate* of interest. At the date of the mortgage, the lawful rate in that county was six per cent. The bond calls for interest at the rate of lawful per cent., and the mortgage for interest from the first of April next after the date. The law fixes the rate; and the omission of the parties to name it cannot affect the complainant's right to recover at that rate against the mortgagor or his assigns.

As to the *time* when interest is payable, it is clear from the terms of the mortgage that it was to be paid before the expiration of the ten years. This is not by implication, but by express statement. The language is " within sixty days from the time it becomes due at any time *during* the ten years."

The language is sufficient to notify the defendant who purchased subject to the mortgage, that periodical payments of some kind were intended, and to put him on inquiry as to what such periods were. He cannot, it is true, be affected by a reformation of the instrument which substantially changes their terms and alters their effect, however proper such a reformation may be as between the parties to the instruments, but he is subject to the agreement contained in the mortgage, and to such construction and interpretation of

it as its obvious omissions or ambiguities may require. The evidence shows that yearly payments were intended. The prevailing usage as to mortgage debts is to pay interest as often, at least, as once a year. This is the true construction of the mortgage, and must be so decreed. It does not contradict or alter its terms, but settles its meaning and operation in accordance with the proofs, in accordance with the inference the defendant might reasonably have drawn from it, and in accordance with the information he might easily have acquired. Under these circumstances the complainant is entitled to recover the interest for each year remaining unpaid, together with his costs of suit.

The stipulation that in default of payment of interest within sixty days after the same becoming due, the whole principal shall be payable, cannot be enforced in this suit. This is so, not because the stipulation works a forfeiture which equity does not favor, but because the immediate payment of the whole principal is declared in the mortgage to be dependent on conditions, and these conditions are not expressed with such explicitness and certainty as to entitle the complainant now to the aid of this court in enforcing them. The true meaning being now settled, the conditions may be operative as to the future, but not as to the past.

I respectfully advise a decree in pursuance of the above.