Dellett *v.* Kemble.

DELLETT *vs.* KEMBLE and others.

1. Where a party purchases land at its full, fair value, and, supposing it to be free from encumbrance, erects buildings of considerable value, and judgment creditors of the former owner of the land, with knowledge that these buildings were being erected, and having reason to believe that it was done under a mistake, by their silence and acquiescence fraudulently encourage him to go on and erect his buildings, and then issue an execution, the sale of the buildings will be restrained.

2. If enough of the buildings had been erected, without the knowledge of the defendants, to satisfy their judgment, by adding to their value the price of the lot, the defendant should be allowed to sell. This does not sufficiently appear by the answer; and therefore injunction continued to the hearing.

On motion to dissolve injunction.

*Mr. Merritt,* for motion.

*Mr. F. Voorhees,* contra.

THE CHANCELLOR.

The complainant purchased a lot for $50, being about its full, fair value, and, supposing it to be free from encumbrance, he put on it buildings of the value of $2500. The defendants, Allen and McLaren, had a judgment for about $600, obtained in the Supreme Court against John Scott, from whom the complainant derived title, and which was a lien on the lot, and they assigned one-half of this judgment to the defendant, Messmore. The complainant had been told that there was no encumbrance on his lot, and made no search in the Supreme Court clerk's office. Allen, McLaren, and Messmore knew of the buildings being erected some time during the progress of erection, but did not interfere or advise the complainant of their lien until the buildings were completed, when they issued an execution and directed a sale. The complainant offers to pay to them $50, or the value of

Dellett *v.* Kemble.

the lot, whatever it may be, but asks to restrain the sale of the buildings, on the ground that he erected them on that lot by a mistake, believing the title to be unencumbered, and that the defendants, knowing of this mistake, by their silence and acquiescence fraudulently encouraged him to go on and erect his buildings on this lot, for the purpose of seizing them on their execution.

It is unjust that the defendants should in this way be enabled to appropriate the property of the complainant, on whom they had no claim, to pay the debt of a stranger. But if it is by the culpable negligence of the complainant, he will be without remedy, even in equity, unless the conduct or the silence of the defendants induced him to do it, when such conduct or silence was fraudulently designed for that purpose.

The complainant has no title for relief on the ground of mistake. If one erects a building by mistake on the land of another, who knows nothing of it, and, of course, cannot acquiesce, he has no relief on the ground of his own mistake only.

To make acquiescence or silence a fraud, the party charged must know or have reason to believe that the act is done under a mistake; knowledge of its being done is not sufficient. A mortgagee may see a building erected on the lands mortgaged to him; it is not his duty to give notice of his mortgage, if recorded. The mortgagor has a right to improve, and the improvement ordinarily will enure to his benefit. But either positive notice that he is under a mistake, or improvements put on in such manner that must convince any reasonable man that there must be a mistake, may make acquiescence or silence a fraud. I think the facts in this case are sufficient to require notice of their claim from these defendants, if they knew of the building being erected. The defendants could not but infer that there was some mistake.

But it is not clear at what time in the progress of the buildings the defendants knew of their erection. Some of them had such knowledge before their completion. The answer is not explicit on that point. If enough of the build-

ings had been erected without their knowledge to satisfy the judgment, by adding to their value the price of the lot, the defendants should be allowed to sell. The real merits of the case cannot be ascertained until the hearing. It is a proper case for the exercise of the discretion of the court to retain the injunction until the hearing.

The motion is denied. The costs must abide the event of the suit.