## VOORHIS *vs.* MURPHY.

1. A clause of forfeiture of principal and interest of a mortgage for failure to pay the interest within ten days after it fell due, enforced.

2. Relief will not be afforded in equity on the ground of mistake, where the defendant's liability is the result of pure carelessness.

Bill to foreclose. On final hearing, on pleadings and proofs.

*Mr. C. H. Voorhis,* for complainant.

*Mr. A. T. McGill,* for defendant.

THE CHANCELLOR.

The mortgage in suit was given by the defendant to Viola T. Adams, by whom it was assigned to the complainant. It contains a clause providing that, in case of default in any payment of interest for ten days after the same shall become due and payable, the principal and all arrearages of interest shall, at the option of the mortgagee, or her legal representatives or assigns, become and be due immediately thereafter, although the period limited for the payment thererof may not then have expired. The mortgage is dated July 10th, 1873, and is for $2214.45, payable on the 10th of July, 1876, with interest at seven per. cent., payable semi-annually. The interest which became due on the 10th of January, 1874, was not paid until the 11th of February, of

that year. That which became due on the 10th of July following, was not paid. On the 11th of August, 1874, after the beginning of this suit, payment of that interest was tendered to the solicitor of the complainant, who refused to receive it on the ground that the whole of the principal had become due, and suit for foreclosure and sale of the mortgaged premises had already been commenced, accordingly. The defendant, in his answer, alleges mistake—that he was under the impression, until after this suit was begun, that the time limited in the provision above mentioned, was thirty days. Apart from his own statement, there is no proof of mistake, nor is there any corroboration of his allegation on this score. On the other hand, he admits, in his answer, that he knew that the interest became due on the 10th of July, and yet he did not tender it until the 11th of August, thirty-two days afterwards. He indeed says that he was misled by the date of the receipt given him on the payment of the January interest, but that receipt states that the interest, the payment of which it acknowledges, was due on the 10th of January. The receipt itself would have informed him that the interest, according to his impression as to the period of limitation, must, in order to prevent the principal becoming due, be paid on or before the 9th of August; and, as before remarked, he knew, according to the admission of the answer, that the interest was payable on the 10th of July. Such carelessness will not be regarded, in equity, as mistake. *Graham* v. *Berryman*, 4 *C. E. Green* 29; *Haggerty* v. *McCanna*, 10 *C. E. Green* 48; *Dillet* v. *Kemble*, *Ib.* 66. This case differs, materially, from *Martin* v. *Melville*, 3 *Stockt.* 222, relied upon by defendant's counsel, on the hearing. There, according to the opinion of the Chancellor, the facts not only showed that the neglect in making the payment was a sheer mistake or misapprehension on the part of the defendants, but that the complainant had, by his conduct, waived the forfeiture. It is clearly to be distinguished, also, from the case of *Broderick* v. *Smith*, 26 *Barb.* 539, also relied upon by defendant's counsel. The decision in that

case was, it may be remarked, explained by the court in Ferris v. Ferris, 28 Barb. 29, as having been based upon the unreasonable and oppressive conduct of the plaintiffs.

There will be a decree for the complainant, for the principal and interest of his mortgage.