Scott *v.* Hall.

---

WALTER SCOTT, complainant and respondent,

*v.*

ISAAC A. HALL, defendant and appellant.

[Filed June 18th, 1900.]

1. To a bill by a vendor against a vendee, seeking the rescission of a contract of sale of chattels as incomplete and withdrawn from before consummation, a plea that the vendor had replevied the chattels from persons who had possession of them; that in the action of replevin the defendants pleaded title in themselves; that on the issue raised by that plea defendants claimed title under the vendee, and a verdict has passed for the defendants, and that judgment against the vendor had been entered thereon, shows a defence, for the judgment established the fact that the contract of sale had been completed and that title to the chattels had passed from the vendor.

2. The vendee, although not a party to the action of replevin, may set up the adjudication therein as against the vendor, for that adjudication established the right of persons who claimed under him, and to whom, in case no title had passed, he would be liable.

3. Although the completed sale and transfer of title thus adjudicated is charged in the bill as having been brought about by a mistake of the vendor's agent, and although the bill charges that upon the discovery of his mistake the agent immediately sought to rescind the transaction by returning the check received for the purchase-price, no ground for equitable intervention to rescind a contract is disclosed by the bill in the absence of any charge that the vendee knew and took advantage of the agent's mistake, or otherwise fraudulently acted in obtaining the transfer of title which took place.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *13 Dick. Ch. Rep. 42.*

*Mr. Michael Dunn* and *Mr. William B. Gourley,* for the appellant.

*Mr. Eugene Emley,* for the respondent.

The opinion of the court was delivered by

MAGIE, CHANCELLOR.

The bill in this cause was exhibited by Scott, the respondent, against Hall, the appellant, and sought a decree rescinding the contract of sale of certain machinery made by Scott through an agent named Thomas to Hall. The sole ground for such relief disclosed in the bill, is that the contract of sale was made at a price fixed by Thomas, the agent, under a misapprehension or mistake of fact. The fact alleged to have been misapprehended and mistaken was the amount then remaining unpaid upon a previous contract for the sale of the same machinery made by Scott with a company of which Hall was president, which previous contract, upon Hall's purchase, was to be satisfied.

To the case made by the bill, Hall interposed a defence by a plea setting up that Scott, before filing the bill in this cause, had issued a writ of replevin in the Passaic circuit court against John Tully and Thomas Murray for the same machinery; that Tully and Murray filed pleas in that action denying Scott's title and claiming title in themselves; that the issues thus raised were tried before said court, and upon a verdict of a jury, judgment was entered in favor of Tully and Murray and against Scott; and that in making their defence on said issues, Tully and Murray made their claim of title through Hall.

The case was referred to Vice-Chancellor Pitney, and when it came on for hearing upon bill and plea, counsel, with the consent of the learned vice-chancellor, placed before him, as if in evidence upon an issue made on the plea, the record of the judgment in replevin, which had been pleaded, and the stenog-

rapher's notes of the evidence and the judge's charges in that action. The conclusion reached in the court below will be considered in this court upon the case as it was then presented.

Looking at the case so presented, I have found myself unable to concur in the result reached in the court below, which denies to Hall the protection of the judgment against Scott, respecting the ownership of the machinery in question, in favor of those who claimed title and right of possession under Hall.

It is unnecessary to extend this opinion by minutely describing the question submitted to the jury in that action and decided by their verdict. It is sufficient to say that the judgment thereon conclusively settled that Scott's title to the machinery in question passed from him under a contract of sale and became vested in Hall, under whom Tully and Murray claimed. We are also of opinion that Hall, although not a party to the action, may set up the judgment therein as against Scott, because it was rendered in favor of those whose possession and right of possession under him was at issue, and Hall, upon a failure of title, would be liable to them. *Gould* v. *Bourgeois, 22 Vr. 356.*

The plea thus presents, in favor of Hall, an adjudication that the contract of sale, which the bill seeks to rescind, was executed, and the title of the property sold was transferred from Scott to Hall.

The only question remaining is, whether such a transfer of title is a bar to the relief sought by the bill. If the bill had been franker in its statement of facts such as have been found by the jury in the action at law, this question would probably have been raised by demurrer. But the bill relied upon an incomplete contract of sale, interrupted before completion, and then repudiated. It seeks relief against such a transaction. To such relief an appropriate answer is that the contract in question was not uncompleted, but wholly executed, and has been so adjudged in a litigation raising the very question.

It results that this defence may be interposed unless the bill discloses some equitable ground for avoiding the completed and executed contract. No ground is therein stated, except that Scott's agent was mistaken as to the amount remaining unpaid upon a previous contract of sale. There is no charge that Hall,

the vendee, was cognizant of the mistake .or took any fraudulent or unfair advantage. When, under such circumstances, Scott's agent accepted the purchase-price fixed by the contract, and the title to the machinery passed to Hall, as must now be conceded, then that contract cannot be disturbed by a court of equity because one of the parties was led to make it by a mistake due to his own fault, and in nowise participated in or caused by the other party.

The order overruling the plea must therefore be reversed.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOOR-HEES—14.

*For affirmance*—None.