### WALLACE WILSON et al.

#### v.

### AMERICAN PALACE CAR COMPANY et al.

[Filed June 18th, 1904.]

1. The general rule is that an objection for want of parties, if apparent upon the face of the bill, should be taken by demurrer; but if not appearing in the bill itself, then by plea or answer.

2. Such an objection can also be taken on the hearing and the court may, of its own motion, arrest the suit for want of parties.

---

On motion to dismiss the bill because of the absence of a party as defendant, without which a decree cannot be made.

*Mr. Robert H. McCarter,* attorney-general, for the motion.

*Mr. Edward Q. Keasbey, contra.*

REED, V. C.

The general rule is that an objection for want of parties, if apparent upon the face of the bill, should be taken by demurrer; but if not appearing in the bill itself, then by plea or answer.

Such an objection can also be taken on the hearing, and the court can, *sua sponte,* arrest the suit for want of parties. *Booraem* v. *Wells, 19 N. J. Eq. (4 C. E. Gr.) 87, 95.* Where there is no demurrer for want of parties, and the objection is not taken until the hearing of a general demurrer to the equity of the bill, the court will not listen to the objection; but if it can do so, will dispose of the cause without requiring formal parties to be joined. This motion to dismiss is not made under the rule in the stead of a demurrer, but under what is claimed to be a general equity rule of practice. The motion can amount to no more than a direction of the attention of the court to an alleged defect, which is so radical that the court, of its own motion, would hold the suit until the defect could be remedied; or, if irremediable, would dismiss the suit.

I will consider the *status* of the suit in this view.

The gravamen of the suit is tersely and clearly stated by Vice-Chancellor Emery, when the cause was before him upon a plea (*64 N. J. Eq. (19 Dick.) 534*), and appears also in the opinion of the court of errors and appeals, reported in *65 N. J. Eq. (20 Dick.) 720.* A stockholder of the American Palace Car Company, a Maine corporation, sued in behalf of the corporation. The bill stated that a majority of the Maine company had conspired to dispose of its assets to the American Palace Car Company, a New Jersey corporation, which company was to give the Maine corporation one-half of its stock and to assume the debts of the Maine company; that the Maine corporation had, in collusion with individual defendants, transferred the assets of that company to the New Jersey company, and that the New Jersey company had not given one-half of its stock to the Maine company or paid its debts, but had put its stock into the hands of still another American Palace Car Company, a New York company organized by one Denham, who was treasurer of the company, with the direction to deliver the stock and assets to a man named Hands, on payment of $60,000, who proposed, in connection with the treasurer of the Maine company, to mortgage all the assets for $250,000. The suit is brought against the New Jersey corporation, and those who formed it, to have them

restrained from disposing of the assets and compelled to restore them to the Maine company.

These defendants filed a plea to the jurisdiction of this court because they were not served with process, not being within the limits of the state. This plea was held good by the court of errors and appeals. By this decision these defendants are not parties to the suit, and the dismissal of the suit is asked for upon the ground that without them the court could not make a decree in the cause.

. The dismissal of the suit would leave the complainants in the predicament that if they should bring suit in Maine they would be liable to be dismissed when confronted with the same objection by the New York and New Jersey defendants, and if they should bring suit in New York, to the same plea interposed by the New York and New Jersey defendants. It is for the reason that the rule respecting the necessity of having in all the parties whose presence is essential for a complete settlement of the rights that the doctrine is modified when it appears that a person who should be a party is out of the jurisdiction of the court.

The text of Mr. Daniel's work on *Pleading and Practice,* and the language of Lord Redesdale upon this point, appear in the opinion of Mr. Justice Dixon already mentioned. I think that the defendants who have refused to come in have no standing to ask for a dismissal of the bill.

I may remark, however, that the doctrine promulgated in the case of *Minnesota* v. *Northern Securities Co., 184 U. S. 199,* should not be applied to suits in the state courts, at least in this case in this court.

The motion is overruled.