UNION TRUST COMPANY, complainant-respondent,

*v.*

NEW JERSEY WATER AND LIGHT COMPANY et al., defendants-appellants.

[Argued November 24th, 1922.    Decided March 5th, 1923.]

1. A company, incorporated to supply the public with water and light, mortgaged its property and franchises to the complainant as trustee to secure the payment of mortgagor's bonds, payable to bearer, to the extent of $250,000, and then demised it by lease, subject to the mortgage, to another, an electric light company, which took over all the stock of the lessor from the holders, the consideration for the stock transfer being that the lessee would guarantee the payment of the principal and interest of the bonds the mortgage was given to secure, to the extent of $140,000, which was carried out by an endorsement on each bond. The trustee, alleging a default in some of the conditions of the mortgage, filed a bill in the court of chancery to foreclose the mortgage in which the lessor and lessee corporations were defendants, with a separate prayer that the lessee be decreed to pay the principal and interest due on $140,000 of bonds. The court not only decreed the sale of the property, but also that the lessee was personally liable on its guaranty, and awarded an execution against it as on a judgment at law.—*Held*, that the court of equity had no jurisdiction to enforce the guaranty in the foreclosure proceedings, the remedy at law being ample, and to that extent the decree usurped the functions of the courts of law.

2. The mortgage contained a condition that if the mortgagor should remove any of the machinery because it was worn out, inadequate or obsolete, it should replace that machinery with other equipment. The record showed that a portion of the machinery was taken out but not replaced, and another method introduced which substantially deprived the lessor of the ability to use the property as it had been used at the time the lease mentioned was made.—*Held*, that the condition was broken and that the mortgagee had the right to elect that the entire principal should mature.

On appeal from a decree of the court of chancery.

*Messrs. Durand, Ivins & Carton* and *Mr. Robert H. McCarter,* for the appellants.

*Mr. Lindley M. Garrison,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

The New Jersey Water and Light Company gave a mortgage to the complainant to secure the payment of certain bonds to mature in 1924, the amount outstanding being $140,-000.

The mortgage embraces the property of the New Jersey Water and Light Company, its franchises, and other assets, which the mortgagor then owned, or should thereafter acquire. Subsequently, the other defendant, Atlantic Coast Electric Light Company, leased the property and franchises from the mortgagor, bought all its capital stock, and now operates the leased company in connection with its own, an electric company. The stock of the water company was transferred by Samuel Ludlow, Jr., who owned or controlled the bonds and stock of the mortgagor company, to the Atlantic Coast Electric Light Company, and in consideration of that transfer the latter guaranteed

"unto the said party of the first part, his heirs, executors, administrators and assigns, the payment of the principal and interest on $140,000 of bonds of the said New Jersey Water and Light Company; such guaranty to be endorsed on each and all of said bonds in such form as is satisfactory to the party of the first part;"

this endorsement was made and thereby an independent contract made with each bond holder. The mortgage contained a condition that if the mortgagor sold any of the mortgaged property it should replace it with machinery of substantially the same kind, and capable of being used with, at least equal facility for the same purpose as that disposed of. The record shows that the Atlantic Coast Company removed a certain portion of the machinery covered by the mortgage, and has not replaced it, and because of this default the complainant elected to have the entire mortgage debt mature, as it had a right, if the condition relating to the replacing of the machinery taken out was violated, and gave notice of that election

to the defendants, and the machinery not being restored it filed this bill to foreclose the mortgage. The vice-chancellor advised, that complainant was entitled to a decree of foreclosure; that it be decreed that the Atlantic Coast Electric Light Company pay the bonds according to its guaranty, and that a counsel fee of $5,000 be paid by the defendants, including the Atlantic Coast Electric Light Company to the complainant. From this decree the defendants have appealed. It is urged in support of the appeal that there was no such violation of the conditions relating to the removal of machinery as entitled the complainant to elect to have the entire mortgage debt due, because the machinery sold and removed, was old and obsolete, and that therefore there was no substantial violation of that condition. The condition in the mortgage relating to the matter under consideration reads:

"The company, while in possession of the mortgaged premises, shall have full power from time to time, in its discretion, and without interference by the trustee, to dispose of any portion of the equipment, machinery and implements at any time held subject to the lien of this indenture, which may have become worn out, obsolete or otherwise unfit for such use; and the company agrees to replace the same by new equipment, machinery or implements, which shall without further conveyance be and become subject to the lien of this indenture."

The mortgage also provided that in case of default in the performance of any covenant or agreement therein contained, which shall continue for a period of ninety days after written notice thereof, the trustee may declare the principal of all said bonds then outstanding to be due and payable immediately. These requirements were complied with, and the default continued for more than ninety days. It appears from this record that in the year 1915, after the lessee had taken possession, it concluded that the equipment for generating electricity was inadequate and out of date, and that it ought to be disposed of, and some other method of obtaining electricity substituted, and thereupon it removed nearly all the machinery, and instead of substituting new electrical machinery for that which it had sold it connected the remaining machinery of the lessor company with their own, and by put-

ting in a transformer furnished electricity generated in its own station, and merely passed 'it through the remaining machinery of the lessor company. The result of this was to deprive the property of the mortgagor company of all, or nearly all, its electrical equipment.

The defendant's answer to this is that the electrical equipment disposed of was not replaced because the Atlantic Coast Company made certain improvements to the buildings and machinery for the distribution of water of the New Jersey Water and Light Company, but that is no answer to the broken condition, for it is quite clear that the disposition of the electric equipment is not replaced by the installation of equipment for the distribution of water. We are of the opinion that the removal of the equipment, even if it was old, required the restoration of the kind of machinery taken out, capable of doing the work as theretofore, and because of that default, the complainant had a right to elect that the principal sum of the mortgage had matured. The next point which the appellants make is that after the default was known to the complainant, it continued to accept interest on the mortgage for five years before declaring the default and the maturing of the principal. This, in our opinion, was not a waiver of the default, because the defendants were bound to pay the interest even if they had broken one of the conditions of the mortgage. Therefore so much of this decree as adjudges the foreclosure of the mortgage should be affirmed. But the decree goes further, for it not only decreed the foreclosure and sale of the property to satisfy the mortgage debt, but made a specific decree against the Atlantic Coast Company, requiring it, within ten days after service of a copy of the decree and the taxed costs, to pay to the complainant the sum of $140,000 with interest, costs, and a counsel fee of $5,000 and in default that execution issue in accordance with the rules and practice of the court, and that all money raised by virtue of said execution, and received by the complainant, be credited on the amount of mortgage debt. This we think is erroneous because it is nothing more than the collection of a claim enforceable at law over which equity has

no jurisdiction. The guaranty was a new and different contract, and is clearly enforceable, if at all, at law. It is argued by the appellant that the last question considered was not within the petition of appeal. We are inclined to think that one of the grounds of appeal is that the decree adjudges that the Atlantic Coast Electric Light Company shall pay the principal of the bonds with interest, and in default thereof an execution issue, which plainly raised a question whether that part of the decree we have dealt with was erroneous or not, but aside from this the question relates to the jurisdiction of the court of chancery and therefore is one of those questions which an appellate court may, and properly should, take notice of. We also think that so much of the decree as imposes the payment of counsel fees on the Atlantic Coast Electric Light Company is erroneous. That company did not give the mortgage, but was bound to defend itself against the prayer of the bill charging it with liability on its guaranty, and had it been successful in that, as we hold it should, in the court below, it ought not be charged with counsel fees allowed on the foreclosure of the mortgage. The decree of foreclosure will be affirmed with the modification indicated, which will relieve the Atlantic Coast Electric Light Company from so much of the decree against it as adjudges it liable on its guaranty of the payment of the bonds, and also from the payment of counsel fees. With these modifications the decree will be affirmed.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, GARDNER, ACKERSON—9.