This is not the kind of mistake from the consequences of which equity relieves. There was no mistake as to the identity of the tanks; the mistake was in the representation and mutual belief that they were made of cyprus wood, an element going to quality or usefulness. If this were not so, equity would be privileged to relieve from the consequences of any honest misrepresentation. Any inspection by defendant which did not discover complainant's error is an immaterial element. In the language of Judge Story: "Where each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference. It is strictly damnum absqueinjuria." 1 Story Eq. Juris. § 151.
Nor can the equitable notion of mistake arise when the mistake is the result of complainant's negligence. Prof. Pomeroy thus concludes his analysis: *Page 467 
"Mistake, therefore, within the meaning of equity, and as the occasion of jurisdiction, is an erroneous mental condition, conception or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, and resulting in some act or omission done or suffered erroneously by one or both of the parties to a transaction, but without its erroneous character being intended or known at the time." 2 Pom.Eq. Juris. § 839.
The degree of negligence which denies equitable relief is defined in a subsequent section as follows:
"Where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of a legal duty, a court of equity will not interpose its relief." Ibid. § 856.
In Graham v. Berryman, 19 N.J. Eq. 29, 35, it is said by Chancellor Zabriskie: "The mistake must be as to a fact, not only not known to the party, but one which he could not, by reasonable diligence, have ascertained." See, also, Hagerty v. McCanna,25 N.J. Eq. 48; Dillet v. Kemble, 25 N.J. Eq. 66; Voorhis v.Murphy, 26 N.J. Eq. 434; Scott v. Hall, 60 N.J. Eq. 451. The positive representation of complainant that the tanks were cyprus removed any obligation of special care on the part of defendant touching that element of quality.
The restraint contained in the order to show cause will be dissolved.