The bill in this cause was filed for the foreclosure of a purchase-money mortgage given by Louis and Dora Epstein to the complainant. The mortgage contained the usual thirty days' interest and ninety days' tax, water rent and assessment clauses. The taxes and water rents remaining unpaid for more than ninety days after they became due, the complainant says that this gave him a right to file his bill before the due date mentioned in the bond and mortgage.
Prior to the filing of the bill the mortgage had been assigned to the defendant Blumenthal as collateral security for the payment of a debt of $3,000, the amount due on the mortgage being $3,700, which debt was paid during the pendency of the suit. Mrs. Blumenthal, who was a party defendant, did not answer, but no decree pro confesso was taken against her. During the pendency of the suit, and after her debt was paid, without a written assignment, the bond and mortgage was delivered by her attorney to the complainant, and she is not further interested in the suit, and she so testified in this case.
The first point made by the defendants, the Epsteins, is that the complainant, having assigned the mortgage as collateral security, cannot maintain his bill. They cite no authorities on this point, and it does not seem to be supported by any law. On the contrary, it was held in Norton v. Warner, 3 Edw. Ch. 106
(L.Ed. 589 and note), that the assignor may foreclose making the assignee a party, especially where the mortgage is assigned as security, or pledged for a loan less than the amount of the mortgage. See, also, 9 Encycl. Pl. Pr. 295, tit. "Assignmentas Collateral," and cases cited.
The second point is that, by Mrs. Blumenthal accepting the interest after the thirty days' period had elapsed, it operated as a waiver of the default for the non-payment of taxes and water rents. This is not the law. The complainant might have accepted the interest and still declared a default for non-payment of the taxes and water rents. Bergman v. Fortescue, 74 N.J. Eq. 266;69 Atl. Rep. 474; Union Trust Co. v. New *Page 81 Jersey Water and Light Co., 93 N.J. Eq. 562; 117 Atl. Rep. 155;affirmed, 94 N.J. Eq. 446; 120 Atl. Rep. 329.
The last point made by the defendant is that Epstein would have paid these taxes and water rents within the ninety days were it not for the statements of the complainant that he need not do so.
The right to foreclose for non-payment of taxes in advance of the due date vests in the complainant unless the default has been occasioned by the acts or declarations of the complainant. DeGroot v. McCotter, 19 N.J. Eq. 531; Spring v. Fisk, 21 N.J. Eq. 175; Ackens v. Winston, 22 N.J. Eq. 444; Voorhis v.Murphy, 26 N.J. Eq. 434; Industrial Land Development Co. v.Post, 55 N.J. Eq. 559; Arkenburgh v. Lakeside Residence Asso.,56 N.J. Eq. 102; Neale v. Albertson, 39 N.J. Eq. 382; SecurityTrust and Safe Deposit Co. v. New Jersey Paper Board, c., Mfg.Co., 57 N.J. Eq. 604; Leipziger v. Van Saun, 64 N.J. Eq. 37.
But the defendant is met here with a complete denial by the complainant, and as the burden of proof is on the defendant to prove that his failure to pay the taxes was due to the statements of the complainant, and having failed to sustain this burden, he must fail.
The decree should be for the complainant.