This is a bill of complaint by Virginia Nixon, who claims to be the widow of George Nixon, against his heir-at-law. Nixon died intestate seized of four tracts of land in West Caldwell. *Page 438 
Complainant asks for relief as follows:
1. She is attempting to prove a resulting trust in her favor as to an undivided part of the West Caldwell real estate.
2. She is endeavoring to follow, as a trust fund, the sum of $241.87, which she claims to have expended on the carrying charge and improvement of certain Asbury Park property formerly owned by George Nixon, deceased, and sold prior to his death, the proceeds being used to buy some of the West Caldwell properties.
3. She is endeavoring to establish a lien in her favor for all moneys which she claims to have voluntarily advanced in connection with the expenses, improvements or repairs to the West Caldwell properties.
4. She is attempting to impress a trust or lien upon certain personal properties which she claims George Nixon bought partly with her money.
5. She attempted to have the existence of a right of dower in her favor in the West Caldwell property determined by this court.
At the hearing, the fifth ground was stricken out by consent.
As to the equitable liens, it should be observed that such liens arise only when made in good faith and under a mistake as to title.
In 37 Corp. Jur. 321, the rule is stated to be:
"Section 26. For improvements or benefits to Property. An equitable lien on the property benefited has been held to arise where a person in good faith, and under a mistake as to the condition of the title, makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property. But there is no such lien where the expenditures are made with a knowledge of the real state of the title; nor will such a lien arise where there is an adquate remedy at law."
See, also, Haggerty v. McCanna, 25 N.J. Eq. 48; Graham v.Berryman, 19 N.J. Eq. 29; Dellett v. Kemble, 23 N.J. Eq. 58;DuPont Chemical Co. v. Buckley, 96 N.J. Eq. 465; Friel v.Turk, 95 N.J. Eq. 425.
In the Graham Case the court said: "The mistake must be as to a fact not only not known to the party but one which he could not by reasonable diligence have ascertained." *Page 439 
Complainant admits she knew that the title stood in George Nixon's name, but, nevertheless, she made the expenditures.
Assuming that Virginia Nixon was George's wife, which seems to be disputed, expenditures by her on her husband's property are regarded as gifts. Black v. Black 30 N.J. Eq. 215.
Moreover, any liens which complainant may have had are evidenced only by verbal declarations. Therefore, they are void under the statute of frauds. 37 Corp. Jur. 319, states:
"Section 23. Necessity for Writing. Where an intention to charge some particular property is clear, an equitable lien on personal property may be created by a mere parol agreement. But where the purpose of the contract is to create a lien on real estate in the absence of other equitable circumstances, it is subject to the statute of frauds, and generally must be in writing, although a seal is not necessary."
See, also, Partridge v. Cummings, 99 N.J. Eq. 14.
I shall therefore advise a decree striking from the bill all prayers for relief except as to the question of a resulting trust as to the purchase-money alleged to have been advanced by complainant.