On September 14th, 1925, the defendant executed a bond and mortgage in the sum of $2,500 to one Sarah Cunningham. *Page 318 
On March 9th, 1928, said Sarah Cunningham assigned said bond and mortgage to James J. Shaw, which assignment was recorded on April 16th, 1928, in the Cape May county clerk's office. Thereafter, certain payments on account of principal and interest were paid to one James Cunningham as agent for Sarah Cunningham.
The defendant admits the assignment of the mortgage under which the bill to foreclose has been filed, as of March 9th, 1928, and that said assignment was duly recorded on April 16th, 1928, in the Cape May county clerk's office, but further states, and the testimony of the complainant so says, that the mortgage was assigned as collateral security and not as an absolute assignment; that no notice was given of the assignment and that no attempt was made to collect the amount of principal or interest until August, 1930, this being the first time that any notice was given; that had the mortgage been assigned absolutely, the complainant would have been the absolute owner of the mortgage and that the recording thereof would have been constructive notice, but that the mortgage, having been assigned as collateral, was not the absolute property of the complainant, neither could the complainant foreclose or collect on the mortgage until such time as it became complainant's absolute property.
This contention has been decided adversely to the defendant inMott v. The Newark German Hospital, 55 N.J. Eq. 722, in which it was held that the mortgagor had constructive notice from the date of the record of the assignment, and that Shaw's holding is as collateral security for the payment of the debt due to him, and if there be any surplus of value in the mortgage over the assignor's debt which it was assigned to secure, the surplus would belong to her, and any payment made to the assignee by the mortgagor.
 I will advise a decree in favor of the complainant. *Page 319