Max Sulken, complainant,

*v.*

United Holding Company, a corporation of the State of New Jersey; Jean R. Kayden, Gustave L. Kayden and Hildreth Varnish Company, Incorporated, defendants.

[Decided March 31st, 1936.]

*Mr. Leo Blumberg* (appearing for *Gross & Gross*), for the complainant.

*Mr. Joseph J. Corn,* for the defendant United Holding Company.

Egan, V. C.

This is a suit to foreclose a mortgage because of default in the payment of interest and taxes. The defendant United Holding Company, on June 3d, 1931, executed a bond and

mortgage for $150,000 to Jean R. Kayden, the defendant. Subsequently, on March 21st, 1935, the defendant Hildreth Varnish Company, Incorporated, borrowed from the complainant the sum of $5,000 for which it gave its promissory note which was endorsed by Gustave L. Kayden. To secure the payment of that note, the mortgagee, Jean R. Kayden, assigned by written instrument to the complainant, the bond and mortgage. The assignment was duly recorded. The note became due September 21st, 1935; it was not paid. The taxes, due against the mortgaged premises, remained unpaid for a period exceeding the sixty days grace provided in the mortgage. In fact, the lands and premises were sold on October 10th, 1935, by the borough of Kenilworth for delinquent taxes approximating $7,540.91.

Payment of the $5,000 note was demanded by the complainant from the maker and the endorser; and they failing to comply, the complainant instituted this suit to foreclose the mortgage assigned to him as collateral.

The answer filed by the only answering defendant, United Holding Company, discloses a general denial of the allegations of the bill. At the final hearing, the denials were withdrawn and the allegations of the bill were admitted. The only point made by the defendant United Holding Company, the owner of the fee, at the hearing, was that the assignor of the bond and mortgage, Jean R. Kayden, the defendant, should have been joined as a party complainant rather than having been made a party defendant. I was not impressed by this argument. The general rule is that an objection for want of parties, if apparent on the face of the bill, should be taken by demurrer; otherwise the question should be raised by plea or answer. *Wilson* v. *American Palace Car Co., 67 N. J. Eq. 262; 58 Atl. Rep. 195.*

Again, a bill is not demurrable for want of proper parties, when all persons whose rights are to be affected by the decree are joined. *Rector, &c., Swedesborough Church* v. *Shivers, 16 N. J. Eq. 453; Fletcher* v. *Newark Telephone Co., 55 N. J. Eq. 47, 51 et seq.; 35 Atl. Rep. 903.*

Rule 67 (*1 N. J. Mis. R. 745*) of this court abolishes demurrers, and pleas; in lieu thereof, the objection may be

presented in the answer. The answer filed herein is barren on this point. I am satisfied that there is no want of parties in this suit, and those who have been made such, have been properly made. It might be observed that a defendant cannot object to a bill merely because others are not properly made defendants to this suit. I think that objection must be made by the parties themselves. *Miller* v. *Jamison, 24 N. J. Eq. 41.*

In the instant case, the assignor of the bond and mortgage being joined as a party defendant impliedly acquiesced in these proceedings by her failure to appear. She, by her non-appearance, permitted a decree to be entered against her—a decree *pro confesso* having been taken.

Certainly, a bond and mortgage may be pledged as collateral security for an indebtedness. *Shaw* v. *Hughan, 109 N. J. Eq. 317; 157 Atl. Rep. 126; Mott* v. *Newark German Hospital, 55 N. J. Eq. 722; 37 Atl. Rep. 751; Kamena* v. *Huelbig, 23 N. J. Eq. 78.* If a default is made, the pledgee may proceed to collect the pledge. *Polhemus* v. *Prudential Realty Corp., 74 N. J. Law 570; 67 Atl. Rep. 303.*

A suit may be instituted by either the assignee or the assignor in foreclosure proceedings. *Rose* v. *Rein, 116 N. J. Eq. 70; 172 Atl. Rep. 510; Lettieri* v. *Mistretta, 102 N. J. Eq. 1; 139 Atl. Rep. 514; Derechinsky* v. *Epstein, 98 N. J. Eq. 79; 130 Atl. Rep. 720; Underhill* v. *Atwater, 22 N. J. Eq. 16; 41 Corp. Jur. 884, 885.*

In the instant case the proceedings show that the assignee made his assignor a party to the suit; she being a proper and necessary party defendant. In *41 Corp. Jur.* the following appears (at *p. 885*) :

"The assignee of a mortgage taken as collateral security may foreclose it, cutting off the rights not only of the mortgagor but also of his assignor, if the latter is properly joined as a party in the proceedings; but in that case the assignor will have a claim upon the proceeds of the sale in so far as they exceed the amount of the debt for which the mortgage was pledged as security, although he will not be liable for any deficiency; and if the mortgage is foreclosed without the joinder of the assignor, or by a private arrangement with the mortgagor, involving the release of the equity of redemp-

tion to the assignee, the latter can be credited only with the amount of the debt for which the mortgage was pledged and will be chargeable with the balance."

The defendant United Holding Company contends that the proceedings are defective because Jean R. Kayden, the assignor of the mortgage, should have been a party complainant with the complainant herein instead of being made, as she was, a party defendant. He cites rule 5 of the rules of this court to the effect that a person entitled to join as complainant, but declining to do so, may be joined as defendant, the reason therefor being stated in the bill of complaint. There is no doubt about the language of the rule and this court is guided by it. But I am not swayed by the defendant's thought, under the circumstances, that the pledgor is necessarily a party complainant. A consideration of rule 5 (*1 N. J. Mis. R. 724*), and the rules 6 to 17 (*1 N. J. Mis. R. 725, 728*) inclusive, and rule 23 (*1 N. J. Mis. R. 729*), indicate, in my opinion, that it is a matter of no consequence whether a party to a suit is such as complainant or defendant. In *Lettieri* v. *Mistretta, supra,* the court said:

"It appears that the mortgage [and bond] was, by an instrument bearing date March 29th, 1926, assigned by Carfaro, the mortgagee, to the complainant, Alfonso Lettieri. Counsel for defendants, on the hearing of the motion, argued that making the assignee of the mortgage a party complainant was improper. It appears from the proofs that the aforesaid assignment was made as collateral security for an indebtedness owing by Carfaro to Lettieri. In *Derechinsky* v. *Epstein et al., 98 N. J. Eq. 79; 130 Atl. Rep. 720; affirmed, 99 N. J. Eq. 447; 131 Atl. Rep. 922,* it was held that the assignor of a mortgage may foreclose the mortgage, making the assignee a party, especially where, as in the case *sub judice,* the mortgage was assigned as security, or pledged for a loan less than the amount of the mortgage. Whether the assignee be made a party complainant or defendant is of no material consequence."

The defendant refers to the ruling of the court of errors and appeals in the case of *Rose* v. *Rein, supra;* but in that case the suit was brought by the assignor, while the assignee

was made a defendant therein. The court decided that the assignor was a proper party complainant; but I do not gather from the opinion any statement which would indicate that the assignor could not be a party defendant. In the opinion it was said:

"It therefore follows, that the right of Schaub in the mortgage was superior to that of the receiver representing the judgment creditor. We think, however, that it was error to dismiss the bill of complaint. While an assignee of a mortgage has a right to foreclose same in his own name, such right is not an exclusive one, as it seems to be well settled that where the owner of a mortgage has pledged it as collateral security for a debt of less amount than the mortgage, he still has such interest as entitled him to bring an action for the foreclosure of the mortgage, making the assignee a party to such proceeding. *Derechinsky* v. *Epstein, 98 N. J. Eq. 79; 130 Atl. Rep. 720; affirmed, 99 N. J. Eq. 447; 131 Atl. Rep. 922.*"

The complainant is entitled to a decree for sale, and out of the proceeds of sale, the sum of $5,000 and interests and costs should be paid to the complainant, and all in excess thereof shall be deposited with the clerk of this court.