# NEWARK TRUNK COMPANY

*v.*

## ADA R. CLARK et al.

[Decided July 18th, 1922.]

1. A mortgagor's failure to pay taxes as stipulated in the mortgage matures the mortgage when stipulated therein, unless the lapse is attributable in some manner to the conduct of the mortgagee.

2. That the mortgagors were pinched for money was not a sufficient excuse for the non-payment of taxes.

On bill, &c. On final hearing.

*Mr. Harry Levin,* for the complainant.

*Messrs. Egner & Beatty,* for the defendants.

BACKES, V. C.

The mortgage under foreclosure was made payable in five years from its date, but sooner, and on demand, at the option of the mortgagee, if the interest and $1,500 of the principal were not paid semi-annually, and remained due and unpaid for thirty days, and also if the taxes remained in arrears for sixty days. The first six months' interest was promptly met, but only $1,000 was paid on the installment of

principal. There was a default for more than thirty days, and taxes were in arrears for more than sixty days when the complainant called the loan and started suit. The taxes were paid before the bill was filed, but the balance of $500 of the installment of principal was not paid until afterwards, on the next interest bearing date. During the course of the argument it was intimated that there might be a distinction between a forfeiture for non-payment of taxes and one for failure to pay the interest or installment of principal, and I find authorities in other jurisdictions holding that the stipulation maturing the mortgage for non-payment of taxes is intended to preserve the security, and if paid before, and even after suit, thereby restoring the security, and the failure was not willful, equity will relieve against the forfeiture. *Shaw* v. *Wellman, 13 N. Y. Supp. 527; Ver Planck* v. *Godfrey, 58 N. Y. Supp. 784; Noys* v. *Anderson, 124 N. Y. 175; Trowbridge* v. *Malex Realty Corp., 183 N. Y. Supp. 53.* But Vice-Chancellor Pitney ruled otherwise in *Arkenburgh* v. *Lakeside Residence Assn., 56 N. J. Eq. 102,* and Vice-Chancellor Leaming, in *Bergman* v. *Fortescue, 74 N. J. Eq. 266,* expressed the opinion that there was no difference in the result upon a default in either case. A failure therefore to meet the terms of the stipulations is fatal unless it is shown that the lapse is attributable in some manner to the conduct of the complainant. *Baldwin* v. *Van Vorst, 10 N. J. Eq. 577; Bergman* v. *Fortescue, supra.* No excuse was offered for the non-payment of the taxes, except that the defendants were pinched for money, and that is not sufficient. It was claimed that the failure to pay the full amount of the installment of principal was due to confusion, and an effort was made to place the blame for it upon the complainant, but in this the defendants have failed. The story, in short, is this: The complainant bought a manufacturing plant in Newark for which it gave cash and a purchase-money mortgage for $27,000, payable in five years, with interest, and $1,500 of principal, payable semi-annually. Before the title was closed the complainant sold the major portion of the plant to the

defendants for $20,000 in cash, they to assume the payment of the $27,000 mortgage, and secure the balance of the consideration price, $8,000, by a second mortgage. To insure the payment of the first mortgage it was agreed that the defendants should give the second mortgage for $35,000 (the one in suit), the two mortgages to correspond as to terms to co-exist, and that payment by them of the interest or principal on the first mortgage should be treated as in discharge of the second. At that time the terms of the first mortgage had not been agreed upon between the complainant and its vendor, but it was understood that there were to be semi-annual payments of principal not to exceed $1,500, and in the agreement of sale between the complainant and defendants it was stipulated that the semi-annual installments of principal should "not exceed fifteen hundred dollars and to be one thousand, if possible," meaning, thereby, that they should not be more than $1,500 and $1,000 if the complainant could induce its vendor to take that amount. It could not, at least it did not, and the sum was fixed at $1,500 in both mortgages. The defendants now claim to have been misled by the quoted words of the contract of sale and the representations of the complainant that they meant $1,000 installments. But they admit having read the provisions of the mortgage before signing it, and I entertain no doubt that they were at that time fully apprised as to the sum. If there was ever any misunderstanding it was cleared up before the mortgage under foreclosure was executed. When they paid the $1,000 to the holder of the first mortgage they were conscious of their obligation to pay $1,500, for that was tacitly admitted by their excuse, that it was not convenient to pay the full amount. The complainant alone can relent; the court is powerless to relieve.

The complainant is entitled to a decree.