The facts in this case are that one Herman sold a property to the defendant on which the complainant Newman held a certain mortgage in trust. Newman canceled his mortgage at the time of the sale and took back in his own name another mortgage for $15,000, which is the mortgage in question. This mortgage was dated on the 1st day of February, 1923. It contained the usual default clauses. Six months' interest became due on the 1st day of August, 1923. No offer or tender of interest was made until after the period of grace had expired.
It appears in the testimony that an assignment was made to the complainant Morris Scharff, the assignment being dated the 31st day of July, 1923.
The question, it seems to me, is only this: Did the defendant make a proper effort to pay the interest when it was due? The defendant says that it did not know anything about the assignment, but it also admits it did not go to Mr. Newman, who, according to the testimony of the witness for defendant, was the man to whom it should pay the interest, because, they say, it was unwilling to pay the interest until Mr. Herman finished the house, which is on the property in controversy. I am of the opinion that the defendant was not justified in delaying the payment of interest to the one to whom it thought it was responsible.
The case of the Newark Trunk Co. v. Clark, 94 N.J. Eq. 79,
is controlling in this case, as I see it.
I will therefore advise a decree in accordance with the prayer of the bill. *Page 227