GERTRUDE R. WEINER, complainant-appellant,

*v.*

JAMES C. CULLENS, JR., et ux., defendants-respondents.

[Decided March 16th, 1925.]

1. Where the maker of a bond and mortgage failed to pay taxes assessed against the land covered by the mortgage at the time when the terms of the mortgage provided that they should be paid, such default caused the whole amount of the principal to become due, in accordance with the provisions of the mortgage, and the right to foreclose accrued to the holder of the mortgage by reason of the default.

2. A contention that the foreclosure proceedings were prompted by improper motives on part of the complainant, and that, therefore, the defendants were entitled to equitable relief, cannot prevail where it appears that the complainant is seeking to enforce a legal right.

On appeal from a decree advised by Vice-Chancellor Ingersoll, dismissing complainant's bill of complaint.

*Mr. Patrick H. Harding,* for the appellant.

*Mr. George H. Jacobs,* for the respondents.

The opinion of the court was delivered by

KALISCH, J.

The complainant filed her bill of complaint in the court of chancery, to foreclose a mortgage made and given by the defendants to the complainant upon property in Oaklyn, Camden county, purchased by the former of the complainant, which mortgage was in the sum of $1,965 dollars, and was a second mortgage and payable in installments, covering a period of seven years from October 18th, 1922, and was given by defendants to complainant as part of the purchase price for said property.

The gravamen of the bill is that the defendants have failed to comply with the terms of the mortgage as set forth in the bill in that they had failed to produce receipt for taxes on or before the 1st day of December, 1922; and, further, that the defendants had failed and neglected to pay all municipal assessments assessed upon the property subject to the mortgage.

The mortgage contained a provision which, *inter alia,* in substance provided that the defendants shall pay the taxes assessed upon the premises for the first half of every year on or before the 20th day of May therein, and shall produce receipts for taxes for each half of every year on or before the 1st day of June and the 1st day of December, respectively, therein; and shall also pay all other taxes, municipal assessments or charges in the nature thereof which may be laid or assessed upon the said premises immediately upon their assessment, and that if, at any time, default should be made in the payment of any tax or charge as above provided for, then the principal debt and all interest thereon shall become due and payable immediately, enforceable and recoverable.

From the uncontradicted testimony it appears that there was an assessment of $76.71 levied against the property in question on October 25th, 1922. The bill of complaint was filed in March, 1923. No payment was made of the same by the defendants. On August 24th, one-fifth of the amount due on the assessment was paid by defendants.

So far as it appears from the testimony the assessment is still unpaid. There was clear proof of a breach of the condition of the bond and mortgage. This default entitled the complainant to foreclose the mortgage. It is difficult to comprehend upon what theory the complainant's bill was dismissed. No memorandum or opinion was filed in the case by the court below disclosing the reasons for the course pursued. A reading of the testimony makes it clear that the defendants had failed to establish a meritorious defense and, therefore, the complainant was entitled to a decree in her favor.

The defendants admitted that there was a curb and gut-

ter assessment levied against the property, as claimed by the complainant, and that the same was not paid when due. They attempt to excuse this default, by the plea that they did not become aware of the existence of the assessment until a few months after it was levied, and that when they were made aware of its existence they paid one-fifth of the amount due to the borough and made some arrangements with the municipality to pay the balance in installments.

Of course, this was neither a legal nor an equitable defense to the foreclosure proceedings.

The agreement between the parties was that the defendants should "pay municipal assessments or charges in the nature thereof which may be laid or assessed upon the said premises immediately upon their assessment" and in default thereof the principal debt remaining due shall become payable immediately.

In *Baldwin* v. *Van Vorst, 10 N. J. Eq. 577,* this court, speaking through Chancellor Williamson (at p. *581*), said: "The penalty was double the amount of the debt due, and the object of the penalty was to secure the due fulfillment of the obligation. If this was all of the contract, there could be no difficulty as to the legal and equitable rights of the parties. But there was a further condition, in the nature of an agreement, that if the interest money should remain unpaid for thirty days after it was due and payable, then the principal should be due and payable. The object of this was to secure the prompt payment of the interest on the debt. The first interest money that became due was unpaid, and the thirty days were permitted to expire.

"The complainant was compelled to file this bill to enforce the payment of his debt. He is entitled by the terms of his agreement, to have a decree for the full amount of his debt. He has forfeited the credit of ten years, which he was to have on condition of prompt payment. If the court relieves the defendant it destroys the very object of the agreement to secure prompt payment." To the same effect is *DeGroot* v. *McCotter, 19 N. J. Eq. 531.*

We approve the declaration, made by Vice-Chancellor Leaming, in *Bergman* v. *Fortescue, 74 N. J. Eq. 266* (at *p. 269*), that "a stipulation for the prompt payment of taxes cannot be regarded as differing essentially from a like stipulation touching the prompt payment of interest."

The basic principle appears to be, as illustrated by the cases in this court, that it is competent for the parties to a contract to agree that the time fixed therein for the prompt payment of sums due or to grow due affecting the property mortgaged, shall be the essence of the contract and to further agree that a failure to perform, at the time or times fixed therein, shall render the principal to become immediately due and payable. Thus it becomes at once apparent that it is of no material significance whether the default is made in the prompt payment of interest due on the mortgage or in the payment of taxes or assessments levied upon the property mortgaged, if the time or times for their prompt payment is or are made the essence of the contract. Nor can it be, properly, said that such a stipulation is in the nature of a forfeiture since it is quite obvious that all the defendants are required to pay to the plaintiff is the amount justly due and owing from them to her—the time for payment of the same having been shortened by several years seemingly through the defendants' neglect and fault.

There is no merit in the contention that the foreclosure proceeding was prompted by improper motives on part of the complainant, and that therefore the defendants were entitled to equitable relief. A party cannot be properly deprived of the enforcement of a legal right upon any such ground, as suggested. See *Davis* v. *Flagg, 35 N. J. Eq. 491; Hodge* v. *United States Steel Corp., 64 N. J. Eq. 111; Robert* v. *Tompkins, 75 N. J. Eq. 580; Eggers* v. *Newark, 77 N. J. Law 201; Camden* v. *Public Service Railway Co., 84 N. J. Law 308.*

The decree of the court of chancery is reversed, with the direction that a decree be entered in favor of the complainant, in the court below against the defendants for the prin-

cipal with interest due and owing upon said bond and mortgage to the complainant with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.