The bill was filed July 3d 1926, to foreclose a mortgage on premises in Jersey City. The due date of the mortgage is August 18th, 1929, but the mortgage contains a provision "that the whole of the principal sum herein expressed shall, at the option of the holder of this mortgage, become due after default in the payment * * * of any tax, water rate or assessment for thirty days." The bill alleges that on June 1st, 1926, there became due to Jersey City a tax levied on the mortgaged premises for the period of January 1st, 1926, to July 1st, 1926, and on July 1st, 1926, although the taxes were then a lien on said premises from June 1st, 1926, the same were unpaid; that on May 25th, 1926, there became due to said city a sum for metered water consumed on said premises to May 25th, 1926, and that the same remained unpaid and in arrear for more than thirty days; that said tax and water rent remained unpaid up to the filing of the bill and that complainant has elected that the whole principal sum, with interest, shall be now due. The answer filed by *Page 130 
defendants Ostroff and Cohen (record owners when the bill was filed) admits said allegations. After the bill was filed the mortgaged premises were conveyed to Frank's Centre Garage, Inc., which new owner, being admitted as a defendant, filed an answer denying that the tax and water rent were due and payable as alleged in the bill. The tax and water charge were paid after the bill was filed, and besides the defense that they were not due and payable as alleged by complainant, the further defense is that one Kanengeiser, a director and vice-president of complainant, advised defendants Ostroff and Cohen not to pay said tax and to appeal therefrom and to pay the tax and water bills together after the determination of the appeal.
By statute (P.L. 1918 ch. 226 § 6) the default clause in this mortgage is construed to mean that should any tax or water charge imposed or required against the mortgaged premises become due and payable and remain unpaid and in arrear for thirty days, then the principal and interest should, at the option of the complainant, become due and payable immediately.
The proofs show that the tax in question is the one-half part of the tax imposed or required against the mortgaged premises for the year 1926. Said one-half part of said tax became payable April 1st, 1926, and remaining unpaid, became delinquent June 1st, 1926. P.L. 1920 ch. 224. The only proof concerning the water charge is that Jersey City entered such charge on its books May 25th, 1926, and that the charge was not paid until after the bill of complaint was filed. Sections 8, 11, 12 and 30, article 32, chapter 152 (P.L. 1917), empower the city to pass ordinances for fixing and collecting water rents and make the owner of the building and land to which water is supplied, liable for such charge. If the charge remains in arrear six months, a statement thereof is to be filed with the collector of tax arrears and from the time of such filing, the charge is a lien on the land and building. I believe the city has passed an ordinance providing that metered water consumed for commercial and industrial purposes shall be billed and payable monthly. The *Page 131 
mortgaged premises were, and are, used for commercial purposes, but I cannot take judicial notice of such ordinance. 23 C.J.138 § 1961. The case is therefore without proof that the water charge entered on the city's books May 25th, 1926, was properly entered and was payable on the date of entry. Whether or not there was a thirty-day default in the payment of this water charge, there was such default in the payment of the tax for more than thirty days after the same became payable, which default gave complainant the right to require immediate payment of the principal of its mortgage, unless failure to pay the tax was occasioned by declarations of complainant's authorized agent.Newark Trunk Co. v. Clark, 94 N.J. Eq. 79; Garfinkle v.Hickey, 96 N.J. Eq. 720; Derechinsky v. Epstein, 98 N.J. Eq. 79; affirmed, 99 N.J. Eq. 447.
The defendants Ostroff and Cohen testified that they had obtained bills for the tax and water charge by June 1st, 1926, and that a few days after that date they called on Kanengeiser and told him that they thought the tax assessment too high and desired to appeal therefrom and asked him if complainant would waive the thirty-day default clause and what should they do about paying the water bill; that Kanengeiser thereupon agreed to waive the default clause pending the appeal and told them they could wait to pay the water bill until they paid the tax bill; that they filed a tax appeal at once, which appeal was undetermined when this suit was commenced. Kanengeiser categorically denied such testimony, and since the burden of proof is on the defendants to prove that their default is attributable to complainant, their defense fails. Derechinsky v. Epstein,supra. Moreover, Kanengeiser had no power, by virtue of his office, to alter the provisions of an agreement under seal, made for complainant's benefit. To bind complainant, the defendants must show that he was given such power by the charter, by-laws or corporate action of complainant's stockholders or directors, or that the agreement he is alleged to have made with defendants was within authority which complainant had caused defendants to believe it had conferred upon *Page 132 
him (Mausert v. Feigenspan, 68 N.J. Eq. 671; Universal, c.,Co. v. American, c., Co., 95 N.J. Eq. 752; Aerial League,c., v. Aircraft, c., Co., 97 N.J. Law 530; Horner v.Georgia, c., Co., 100 N.J. Law 347), and in this their proofs fail.
There will be a decree for complainants in the usual form.