The bill was filed August 3d 1926 (and amended August 20th, 1926), to foreclose a mortgage on premises in the town *Page 662 
of West Hoboken (now Union City). By the terms of the mortgage the principal moneys secured thereby became due July 1st, 1927. The mortgage provides that the whole principal sum therein mentioned shall, at the option of the mortgagee, or her legal representative, become and be due and payable immediately upon default in the payment of any tax, assessment, water rent or other municipal rate, charge, imposition or lien, or any or either of them, if such remains unpaid and in arrear for the space of sixty days after the same becomes due and payable, notwithstanding the period limited in said mortgage for the payment of said principal sum may not then have expired. The bill alleges that on June 1st, 1926, the first one-half years tax levied against the mortgaged premises for the year 1926, amounting to the sum of $172.43, became due and payable, and remained unpaid and in arrears for more than sixty days thereafter. The tax, of which the aforesaid sum of $172.43 was the one-half part, was for the fiscal year beginning January 1st, 1926, and ending December 31st, 1926. By virtue of the General Tax act (Revision of 1918) P.L. 1918 p. 847 § 602, as amended by P.L. 1920 p. 429, one-half part of the annual tax for the fiscal year 1926 became payable on the 1st day of April, 1926, and remaining unpaid, became delinquent June 1st, 1926. The bill alleges, and the proofs evidence, that the mortgagee, because of the non-payment of the aforesaid tax when payable, elected that the whole of the balance of the principal sum of said mortgage ($8,000), with all unpaid interest thereon, be immediately due and payable to her. The defendants Kutchinski, apparently, misconceiving the gist of the complainant's allegation of default, allege in their answer, and urged on the hearing of the cause, that taxes levied against the mortgaged premises for the year 1926 would not become a lien against said premises until December 1st, 1926, and that at the time of the alleged default said premises were not subject to the lien of any tax.
The default clause of the aforesaid mortgage is expressly construed by chapter 226 (P.L. 1918 § 6) to mean that should any tax, assessment, water rent or other municipal or *Page 663 
governmental rate, charge, imposition or lien, or any or either of them, remain unpaid and in arrears for the number of days stipulated in the mortgage, then, and from thenceforth, that is to say, after the lapse or expiration of said period, the whole principal sum of the mortgage, with all arrearages of interest thereon, shall, at the option of the mortgagee, her heirs, executors, administrators, successors or assigns, become due and payable immediately thereafter, although the period limited for the payment thereof may not then have expired, anything in said mortgage to the contrary thereof in anywise notwithstanding.
The case of K.S.S. Realty Co., Inc., v. Ostroff et al.,135 Atl. Rep. 869, is applicable to and decisive of the case subjudice.
Counsel for the defendants made application, on the final hearing of the cause, for leave to amend their answer by alleging that the complainant failed to make the receiver in the case ofKutchinski v. Lawrence et ux. (Docket 56 p. 188), a party defendant in the instant case. Counsel for the complainant, in objecting thereto, urged that complainant had not been informed of the appointment of such receiver and that no lis pendens was filed in the suit in which such receiver was appointed. It appears that the solicitors for the defendants Kutchinski herein were the solicitors for the complainant Gustav M. Kutchinski in the suit of Kutchinski v. Lawrence, supra, and no substantial reason was given by the solicitors for the defendants as to why they did not allege in their answer the appointment of such receiver, and make such objection to the complainant's bill as filed as they may have deemed advisable or necessary. The record of the case of Kutchinski v. Lawrence, supra, evidences that the receiver therein was appointed by order dated January 27th, 1925, and discharged by order dated October 4th, 1926. I indicated to counsel for defendants at the hearing of this cause that I was disinclined to grant leave, at such late day, for defendants to amend their answer setting up the appointment of the receiver aforesaid. Inasmuch as said receiver was discharged on October 4th, 1926, it would be futile to *Page 664 
permit the defendants to amend their answer by alleging his appointment. Chancery rule 13 provides that the court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others.
I will advise a decree in favor of the complainant, and directing a sale of the mortgaged premises to raise and pay to the complainant the amount due on her mortgage, with interest and costs.