The bill is filed to foreclose two certain mortgages made by the Vermont Apartment Company, a corporation to the complainant Best, each bearing date November 1st, 1927, one in the sum of $35,000, payable within three years from said date, the second to secure the sum of $10,000 within three years from said date.
Each of these mortgages, together with the bonds accompanying same, contained covenants requiring the mortgagor to pay the taxes upon the premises described, for the first half of every year on or before the 30th day of July therein, and for the second half of every year on or before the 30th day of January thereafter, and to produce receipts showing the payment of such taxes for each half of every year, on or before the 30th day of July and the 30th day of January, respectively, thereafter; also a covenant requiring insurance thereon, also a further covenant that if default should be made in the production in any year of tax receipts as aforesaid, or any *Page 656 
payment of said taxes, assessments and charges aforesaid, or if at any time default should be made in the payment of interest for the space of ten days after any semi-annual payment thereof should fall due, or default be made in any other terms and conditions of said bond and mortgage, then, and in every such case, whether it be the first or any subsequent default, the whole principal debt of said bond and mortgage should, at the option of the said Harry Best, his executors, administrators or assigns, become due and payable immediately, and that payment of said principal debt and interest thereon might be enforced and recovered at once.
Best assigned these bonds and mortgages to the Atlantic Safe Deposit and Trust Company of Atlantic City as collateral security for the payment of certain notes. At the time of the hearing there was due the Atlantic Safe Deposit and Trust Company the sum of $10,000.
The complainants allege that the receipt showing payment of the municipal taxes for the second half of 1928 was not produced to the complainant on or before the 30th day of January, 1929, or not any time since that date, and that by reason of said default, the entire principal sum of each mortgage became due and payable. That the semi-annual installment of interest becoming due May 1st, 1929, was not paid and remained unpaid for more than ten days after it became due, and that the same has not been paid, and that by reason of said default, the principal sum of each of said mortgages became due.
No defense is presented as concerning the $35,000 mortgage. The defense as to the $10,000 mortgage is that tender of interest due thereon on May 1st, 1929, was made to Best on or about the 27th day of April in 1929, and Best declined to accept this interest, saying to Mr. Johnson, who offered him the money, that he would accept the interest provided interest on the other mortgage was paid, and that if Johnson would not agree to pay both, Best would have to see his lawyer.
There is no contention that the receipts for the municipal taxes were produced as required by the terms of the mortgage. If the failure to produce the tax receipts is sufficient default *Page 657 
to make the principal due, then the complainant is entitled to a decree. The agreement in each of these mortgages was that the mortgagors should produce the said tax receipts at a certain time, and if default should be made in the production in any year of tax receipts, the whole principal debt of said bond and mortgage should, at the option of the mortgagee, become due and payable, and payment of said principal debt and all interest thereon might be enforced and recovered at once.
In Weiner v. Cullens the court of errors and appeals said: "The gravamen of the bill is that the defendants have failed to comply with the terms of the mortgage as set forth in the bill in that they had failed to produce receipt for taxes on or before the 1st day of December, 1922; and further, that the defendants had failed and neglected to pay all municipal assessments assessed upon the property subject to the mortgage." 97 N.J. Eq. 523.
The complainants are entitled to a decree.