This was a proceeding to foreclose a mortgage of $30,000, dated December 12th, 1928. It appears to have been a third mortgage on the premises therein described.
It required quarterly payments of $250 on account of principal from March 12th, 1929, to September 12th, 1931, and also the payment of interest quarterly at the rate of six per cent. per year, and it also contained an interest and principal installment default clause of sixty days.
The mortgage also provided:
"This mortgage is subject and subordinate to a mortgage given to secure the payment of $315,000 and interest recorded in the office of the register of the county of Essex in book A61 of mortgages, pages 155, c., held by the Eleventh Ward Building and Loan Association, now a prior lien on said premises," and further, "And it is hereby expressly agreed that should any default be made in the payment of any installment of principal, or of the interest on said prior mortgage, and should such installment of principal or interest remain unpaid and in arrears for the space of ten days, or should any suit be commenced to foreclose said prior mortgage, then the amount secured by this mortgage and the accompanying bond shall become due and payable at any time thereafter at the option of the owner or holder of this mortgage. And it is hereby further expressly agreed that should any default be made in the payment of any installment of principal or of the interest on said prior mortgage, the holder of this mortgage may pay such installment of principal, or such interest, and the amount so paid with legal interest thereon from the time of such payment, may be added to the indebtedness secured by this mortgage and the accompanying bond and shall be deemed to be secured by this mortgage and said bond and may be collected thereunder."
The proofs show that there was no mortgage of $315,000 *Page 572 
held by the Eleventh Ward Building and Loan Association upon the lands covered by appellant's mortgage.
The facts are that such building and loan association held two mortgages upon such lands — one for $310,000, registered in A61 of mortgages, page 155, being the place of record referred to in complainant-appellant's mortgage and another for $25,000, recorded in book X62, page 541.
It appears further that at the time of the execution of complainant-appellant's mortgage, by arrangement or agreement between respondent Horn and the building and loan association the amount due on both of these mortgages was fixed, for principal, at $315,000. The total monthly payments under this mortgage, or total of mortgages, would have been $3,350, that is, $3,100 upon one and $250 upon the other. At the time of the execution and delivery of complainant-appellant's mortgages, Horn, the respondent, was paying upon these prior mortgages held by the building and loan association $3,150 per month, and subsequently $2,362.50 per month; this latter commencing January 1st, 1929, and complainant-appellant's mortgage bears date December 12th, 1928.
The right to foreclose appellant's mortgage is not based upon any default under that instrument but upon the ground that Horn, the mortgagor, defaulted in payments upon the prior mortgages held by the building and loan association and there can be found no default in this respect unless it can be said that Horn defaulted in paying $2,362.50 per month thereunder and thereon instead of $3,150 or $3,350 as called for by the strict and exact terms of such mortgages.
Upon a hearing of the matter the bill of complaint was dismissed upon three grounds:
1. That there was no such mortgage of $315,000 as referred to in complainant's mortgage.
2. That accelleration of a mortgage by default is a penalty requiring strict proof thereof.
3. That complainant's mortgage was tainted with usury.
Appellants urge that such decree should be reversed for three reasons: *Page 573 
1. Because the default clause is effective nowithstanding the building and loan association did not hold a mortgage for $315,000.
With this we agree. Such clause, it seems to us, was effective, at least so far as the mortgage for $310,000, described in complainant's mortgage as recorded in Book A61, page 155, is concerned. It certainly and with sufficient particularity identified that particular mortgage.
2. That there was default in payment of principal and interest on both mortgages held by the building and loan association.
This seems to be predicated upon the idea that reduced monthly payments were made and accepted by such association, mortgagee, without proper, formal action by its board of directors. But we are not willing to say that this was sufficient evidence of default to bring about an accelleration of the due date of appellant's mortgage.
It is true, as the proofs show, that this question of reduction was taken up by respondent with certain officers of the building and loan association, and was not approved and authorized in formal manner or action by its board of directors, but the fact remains that such payments were received by proper officers of the association and such reduced payments have not been treated as working defaults in the building and loan mortgages by any of the officers thereof.
The court below held that the accelleration of a mortgage was a penalty and as such not favored.
This is not so and this court held to the contrary in Weiner
v. Cullins, 97 N.J. Eq. 523 (at p. 526).
However strict and convincing the proof of default should be to establish accelleration, we think that proof does not appear in the case before us.
3. The question of usury in appellant's mortgage transaction has no bearing upon the question of default or accelleration of his mortgage.
This, beyond question, is so, and there seems to be no attempt to refute this.
For the reasons herein set forth the decree below must be affirmed. *Page 574 
 For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 12.
For reversal — PARKER, HETFIELD, JJ. 2.