GEORGE ROSE *et ux. vs.* MADELINE DEVITT.

JUNE 14, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a bill in equity to restrain the foreclosure of a mortgage on real estate, and is before this court on complainants' appeal from a decree of the Superior Court dismissing the bill.

It appeared in evidence that on February 20, 1930, the complainants purchased from the respondent certain real estate in Providence and as part of the consideration gave to the respondent a promissory note, secured by a first mortgage on said premises, in the sum of $9,000, due five years from date. The mortgage deed was in the usual form, requiring payment by the mortgagor of taxes assessed against the property as follows: "If default shall be made . . . of the taxes or assessments aforesaid, as the same become payable, or of any or either of them, or of any part thereof . . . .then it shall be lawful for the said mortgagee . . . to sell together or in parcels, all and singular, the premises hereby granted . . . ."

On February 4, 1932, the City of Providence levied upon the real estate described in said mortgage for non-payment of taxes payable in October, 1931. The complainants were notified by respondent in January, 1932, to pay said taxes, and although there is a question as to the nature of their reply to the notice it is admitted that they received the same and that up to March 10, 1932, when foreclosure proceedings had been instituted by respondent, they had not paid the taxes.

On March 22, 1932, the complainants paid the taxes on this property and on March 24 brought this bill of complaint to enjoin the respondent from foreclosing the mortgage on the ground that the complainant had performed all the covenants and conditions required by the terms of the mortgage.

It is elementary that failure on the part of a mortgagor to pay taxes is a breach of covenant for which the mortgagee, unless instrumental in causing such breach, may

institute foreclosure proceedings. As the evidence clearly shows no such action on the part of respondent, the question for our consideration is whether the payment of the taxes to the city by the complainants subsequent to the institution of foreclosure proceedings but previous to the sale under such proceedings gives the complainants a right to enjoin foreclosure of the mortgage.

In *Rotondo* v. *Geremia*, 45 R. I. 378, this court held that non-payment of taxes, although there be no default in payment of the interest, constitutes a breach of the conditions of the mortgage and gives the mortgagee the right to foreclose. In the case of *Hudson Trust Co.* v. *Weisenfeld*, 154 Atl. (N. J.) 324, it is held that, unless the non-payment of taxes is occasioned by some act of the mortgagee, the non-payment constitutes a breach of the conditions of the mortgage and authorizes a foreclosure. See also *Newark Trunk Co.* v. *Clark*, 118 Atl. 263; *K. S. S. Realty Co.* v. *Ostroff*, 135 Atl. 869; *Lotterer* v. *Leon &c.*, 113 Atl. 887; *Weiner* v. *Cullens*, 128 Atl. 176.

As the uncontradicted evidence shows that there was a breach of the condition contained in the mortgage to pay the taxes assessed upon the mortgaged property when the same became payable, there was no error in the decision of the trial justice denying the relief prayed for by complainants.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Robinson & Robinson, Joseph E. Adelson,* for complainants.

*Archambault & Archambault,* for respondent.