Advised of an appeal from the decree dismissing the bill of complaint in this cause after hearing, this opinion is now prepared and filed.
This is a suit for specific performance. Murray Holding Co. is the owner of property 98-102 Murray Street, and 45 Austin Street, Newark, New Jersey. On May 1st, 1946, the *Page 196 
complainant made the following offer in writing to purchase the property:
"We have agreed to purchase property known as 98-102 Murray St. and 45 Austin St., Newark, N.J., upon which are located two, five-story connecting buildings, together with: — complete power plant, 2 generators, 1 motor generator, all motors, tools, pipes, fittings, wrenches, half interest in electric water coolers and all other personal property, including water pails, fire extinguishers, etc., owned by the Murray Holding Co., a Corporation of N.J., located on said property, for the sum of $125,000.00. The property is subject to leases as shown on the attached list. The aforesaid purchase price is to be paid as follows:
1. Upon the acceptance of this agreement .......................... $2000.00
2. Upon signing of contract ....................................... 3000.00
3. Upon closing of title .......................................... 20000.00
4. By assuming mortgage held by Reconstruction Finance Corp. upon
 which there is a balance of approximately ...................... 11000.00
5. Credit on security under Albert Turner lease ................... 3600.00
6. Balance to be in the form of second purchase money mortgage for
 a period of 10 years with interest at 4 1/2% payable
 quarter-annually to be amortized at the rate of $5500.00 per
 year for the first 3 years — $6500.00 per year, for the next 3
 years and $7000.00 per year for the remaining 4 year period.
 This amortization to be paid quarter-annually, with a right to
 pre-pay any part or the balance thereof ........................ 85400.00

Title to close on or about June 1st, 1946 with a warranty deed. Formal contract to be drawn in accordance with the terms described above.
AGREED ACCEPTED TEXTILE PRODUCTS MURRAY HOLDING CO. Samel Ehrlich BY BY Stanley Yeskel SAM EHRLICH, PRES. STANLEY YESKEL"
At a special meeting of the board of directors and stockholders of the defendant, Murray Holding Co., on the morning of May 2d 1946, the offer made by the complainant was reported and the board of directors authorized the president and secretary to enter into formal contract of sale in accordance with the offer, and such contract was prepared and executed by the president and secretary. Thereupon the president, Sam Ehrlich, armed with the contract executed by the defendant proceeded to Newark for the purpose of having the same executed by the complainant. This suit is now predicated *Page 197 
upon that contract. But before signing the contract, the complainant made various interlineations therein and changes of an important character. The contract as executed by the defendant and delivered for execution by the complainant originally provided that title was to be delivered "free and clear of all encumbrances, except as provided herein, including municipal liens and assessments (except liability for assessments for improvements now constructed, or being constructed at the date of this agreement, the payment of which the buyer agrees to assume); * * *." The portion here quoted parenthetically was erased from the contract. The contract also provided that part of the purchase price was to be paid by the execution of a bond and mortgage in the sum of $84,400 with interest at the rate of 4 1/2% per cent. per annum, payable quarter-annually for ten years, to be amortized at the rate of $5,500 per year for the first three years, and at the rate of $6,500 per year for the next three years, and $7,000 per year for the next four years, the balance in the sum of approximately $20,400 to be paid at the end of the tenth year, and also provided "The mortgagee shall have the right to pre-pay any part or the balance of the purchase price after six (6) years from the date aforesaid, namely June 1st, 1946." Six years therein provided was changed to three years and a further change inserted as follows: "In the event prepayment is desired by the purchaser within three years then purchaser shall pay in addition to the balance of principal due on the mortgage one (1%) per cent. of said balance of principal." It was further provided in the contract signed by the defendant corporation and submitted to the complainant for signature "The written consent of the seller shall be secured before any assignment hereof shall be binding by the buyer." This clause was also deleted. And a further change made in the contract by interlineation reads: "Risk of loss by fire is assumed by the Seller."
Upon the return of the defendant's president from Newark with the contract containing the changes and interlineations above indicated, the defendant immediately caused a letter to be sent to the complainant dated May 2d 1946, which reads as follows: *Page 198 
"Stanley Yeskel, individually and trading as Textile Products Co., 181-189 Chestnut Street, Newark, New Jersey.
Re: Sale of Property, Murray Holding Co.
Dear Sir:
Mr. S.T. Ehrlich, officer of the Murray Holding Co., brought a contract for the sale of our Property at 98-104 Murray St. and 45 Austin Street, Newark, New Jersey, back from the city today, and we note that there have been several material changes therein. Please be advised that the Murray Holding Co., had a regular meeting of its Board of Directors, Officers, and Stockholders this morning and approved the contract in its typewritten form, without the inked changes, and by same resolution authorized the sale of its property as per said contract. It was then executed by its president and secretary, and sent for your signature and deposit in accordance with the terms thereof.
However, when the contract was returned by Mr. S.T. Ehrlich, we observed that several inked changes have been made therein without authority. Mr. Ehrlich did not have any authority to bind the corporation to such changes. These changes are therefore a counter-proposal, which we do not accept. If you are still desirous of purchasing said property, upon the terms and conditions agreed upon by the corporation, I shall prepare a new agreement accordingly and have it re-executed. Otherwise, this sale cannot be consummated.
 Very truly yours, MURRAY HOLDING Co. Nelson Ehrlich Secretary."
The evidence discloses that thereafter negotiations were had in an attempt to arrive at a formal contract but that such negotiations failed. It is significant that the bill of complaint makes no mention of the deposit receipt of May 1st, 1946, wherein the terms of the contract are set forth and which provides that the formal contract is to be drawn in accordance with the terms therein described, but rather is the suit predicated upon the contract executed by the defendant and submitted to the complainant for signature wherein are contained these important changes and interlineations already hereinabove referred to. That contract is not enforceable.
The defendant corporation is a family corporation, the stockholders being Sam Ehrlich, and his wife and their son. The evidence leaves the complainant in the situation where it has not shown that the contract sought to be enforced was the act of the corporation or the act of an authorized agent *Page 199 
whose conduct was adopted and ratified by the corporation.Aerial League of America v. Aircraft, c., Corp.,97 N.J. Law 530; 117 Atl. Rep. 704. The proof is to the contrary for it clearly appears that the president of the company had no authority to agree to the changes and interlineations made in the contract. The president had no power virtute officii to alter the provisions of a formal contract under seal entered into by the corporation itself. The act of the president of a corporation, unless it is shown to pertain to his official duty, or to be within the scope of his employment, which was not shown in this case, cannot be regarded as the act of the corporation, and is not binding upon it. Titus Scudder v. Cairo andFulton Railroad Co., 37 N.J. Law 98; Mausert v. Feigenspan,68 N.J. Eq. 671; 63 Atl. Rep. 610; K.S.S. Realty Co., Inc., v.Ostroff, 100 N.J. Eq. 128; 135 Atl. Rep. 869; affirmed,101 N.J. Eq. 771; 138 Atl. Rep. 921.
Both the deposit receipt providing for the formal contract in accordance with the terms thereof as well as the contract executed by the defendant and submitted for execution by the complainant provided for the amortization of the mortgage of $84,400 over a period of ten years. The purpose and importance to the defendant of such a provision is quite clear when one recalls the probable profit made in this contemplated sale and the provision of the income tax law. The other changes and interlineations were also important. However, all this may be, the defendant had a right to have executed the contract as submitted which conformed to the terms of the deposit receipt.
The bill of complaint will be dismissed. *Page 200