Bell *v.* Romaine.

Bill to foreclose. This cause was submitted, without argument, on the pleadings (the bill and the answer of Michael Forestil) and proofs.

JAMES BELL

*v.*

ANN E. ROMAINE.

1. A married woman is within the rule requiring a party defendant to rely solely on his own affidavit in case the complainant in an injunction bill relies only on his affidavit; nor can she avail herself of

Bell *v.* Romaine.

her husband's affidavit to support her answer, although he acted as her agent in the matter in controversy.

2. A bond, secured by a mortgage, provided that on default in the payment of the interest thereon for thirty days after the same had become due, the principal should, at the option of the obligee, become payable.—*Held*, that after the obligee had ratified several parol extensions of the time for paying the interest, made by her agent, a subsequent similar extension would be deemed a waiver of the forfeiture, and a suit at law to enforce the bond on the ground of such forfeiture would be enjoined.

Bill for injunction to restrain defendant from prosecuting a suit at law. Motion to dissolve injunction on bill and answer.

*Mr. John W. Griggs*, for defendant.

*Mr. G. A. Hobart*, for complainant.

THE CHANCELLOR.

The complainant, on the 28th of April, 1875, gave to the defendant his bond of that date, secured by his mortgage upon land in Paterson, for the payment of $12,786.66 in five years from that time, with interest thereon, payable semi-annually on the 28th of October and April in each year, at the rate of seven per cent. per annum. The bond contained a special condition, which, according to the statements of the declaration in the suit at law on the bond, was, that if any default be made in the payment of the interest or any part thereof on the day when the same was made payable, and should the same remain unpaid and in arrear for the space of thirty days, then the principal sum, with all arrearage of interest thereon, should, at the option of the defendant obligee, become and be due and payable immediately thereafter, although the time limited in the bond might not have expired. The interest which fell due on the 28th of October, 1877, was not paid then, nor within thirty days thereafter. According to the statements of the

Bell *v.* Romaine.

bill, Helmas Romaine, the husband of the defendant, on the 4th of December, 1877, called on the complainant for payment of the interest. The complainant then desiring to be relieved from the necessity of making immediate payment, requested him to wait upon him for a few days further for the money, but said that he would pay it at that moment if Romaine must have it. Romaine then, being willing to accommodate the complainant, agreed to give further time for the payment of the interest, but no time was fixed. He then left the store of the complainant, but, on leaving, asked when he should call again, to which the complainant replied, "Very soon." On the 8th of December it was agreed between them that if the complainant should pay the interest some time during the next week (which would end on the 15th of the month), it would be satisfactory. On that occasion, in the conversation between them, Romaine told the complainant that he did not mean to take advantage of the non-payment of the interest within the thirty days, and added "that he would not do a mean thing by him." On the 13th of the month the complainant sent a check for the interest, accompanied by a note requesting a receipt for the money. The next day the check was returned to him by the attorney of the defendant, who informed him that the defendant would not accept it, but demanded payment of the principal, as well as the interest. On the 31st of December, the complainant tendered to Romaine the amount of the interest, with lawful interest thereon, but the latter refused to accept it, saying he had changed his mind, and would demand the whole of the principal and interest of the bond. On the 18th of January following the suit was brought on the bond, and on the 4th of March following the complainant filed his bill for an injunction. A preliminary injunction was allowed on the payment of the amount due for interest, and interest thereon, into this court.

The defendant has answered the bill, and now moves to dissolve the injunction on the bill and answer. The trans-

actions on which the complainant's claim to relief is based were not within the defendant's knowledge. Her answer in reference to them is, therefore, no evidence. Nor can she avail herself of the affidavit of her husband, which is attached to the bill. The complainant relies on the averments of the bill and his own affidavit in support thereof, without the aid of affidavits of third parties annexed thereto, and therefore the defendant must rely solely on her answer, without resorting to the affidavits of third parties. *Gariss* v. *Gariss*, 2 *Beas.* 320. The complainant admits that her husband has been and is her agent and business manager, and has always had charge of the collection of the interest accruing on the bond and mortgage. The bill states that it has been the custom between the parties to accommodate each other, and, on the part of the complainant, to pay on the call and request of Romaine, who always fixed the time at which he would require the money at a later period than the expiration of the thirty days.

Equity will, for sufficient cause, relieve against forfeiture in such cases as this. *Baldwin* v. *Van Vorst*, 2 *Stock.* 577; *Martin* v. *Melville*, 3 *Stock.* 222; *De Groot* v. *Mc Cotter*, 4 *C. E. Gr.* 531; *Sire* v. *Wightman*, 10 *C. E. Gr.* 102. In the cases of *Baldwin* v. *Van Vorst*, *ubi supra*, and *Spring* v. *Fisk*, 6 *C. E. Gr.* 175, cited by the defendant's counsel, relief was denied because there was no equitable ground for it. In the former case the court said: "The defendant offers no excuse for his default, not even that of negligence, or of his inability to raise the money at the day. For anything appearing to the contrary, the default was willful, and without excuse, and intended to harass and inconvenience the complainant by withholding from him his interest-money. The defendant made no amends for his default until he was compelled to do so by the complainant's exhibiting his bill in this court." In *Spring* v. *Fisk*, the chancellor says: "The excuse in this case is not accident, or mistake, or even inadvertence, in the sense in which that term is used in such case in equity, but it is mere negligence." And, again, he says: "I do not

feel willing to adopt the principle that, in a case like this, mere negligence will excuse the payment at the day and avoid the consequence of non-payment." In the case in hand there is evidence, on the statements of the bill, that the defendant's agent had habitually waived payment at the day, or within the thirty days. The complainant states that it had been his custom to pay the interest on the call and request of Romaine, who always fixed a period for payment beyond the thirty days. And, again, there appears, from the statements of the bill, to have been both an implied and an express waiver in respect to the interest which fell due in October, 1877. After the expiration of thirty days from that time, the interest being unpaid, Romaine agreed to give the complainant further time, although the latter expressed his willingness to pay at once if it was insisted upon. And, again, four days afterwards, a time was fixed by agreement between them within which it was to be paid. The time specified for paying a mortgage may be extended by parol. *Tompkins* v. *Tompkins*, 6 *C. E. Gr.* 338. Payment according to the parol agreement will, of course, prevent a default. *Ibid.*; *De Groot* v. *McCotter, ubi supra.* Said the court, in the latter case: "If the complainant has given further day of payment, or in any other way waived the payment, according to the letter of the bond, the default contemplated and provided against has not happened." The complainant in the case under consideration sent a check for the interest within the time agreed upon. It was subsequently returned to him; not, however, because it was not good for the amount—for no such reason was assigned—but because the defendant had determined to require payment of both principal and interest of the bond. The complainant says that Romaine told him, when the tender was made, that the reason why he would not accept was that he had changed his mind, and would demand the whole of the principal and interest due on the bond.

On the case as it stands, the motion to dissolve cannot prevail. It will be denied, with costs.