Industrial Land Development Co. *v.* Post.

INDUSTRIAL LAND DEVELOPMENT COMPANY et al.,
appellants,

*v.*

ABRAM S. POST et al., respondents.

A, being indebted to B, executed a bond and mortgage to secure the pay-
ment of the debt.   One of the provisions contained therein was that the prin
cipal sum secured thereby should, at the option of the mortgagee, become
immediately due and payable for failure to pay *any* installment of interest
within thirty days after it had accrued.—*Held*, that the fact that the mortgagee
did not exercise his option the first time there was a failure to pay an install-
ment of interest within the time limited. did not deprive him of the right to
elect that the principal should become immediately due and payable on account
of a subsequent default in the payment of interest.

On appeal from a decree advised by Vice-Chancellor Bird,
whose opinion is reported in *Post* v. *Industrial Land Develop-
ment Co., 34 Atl. Rep. 137.*

*Mr. James Parker*, for the appellants.

*Mr. Edwin B. Goodell*, for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

The respondents are the holders of a bond and mortgage given
by the Industrial Land Development Company to one William
Post, to secure the payment of $150,000 loaned by him to the
company.   The bond and mortgage each contain a provision to
the effect that the principal sum secured thereby shall, at the
option of the holder thereof, become immediately due and pay-
able for failure to pay any installment of interest within thirty
days after it should fall due.

On the 3d day of March, 1894, a semi-annual installment of
interest fell due and remained unpaid until the 21st of May of

that year, a period of more than thirty days.   On the 3d day of September another installment of interest fell due; it also remained unpaid for more than thirty days, and, for this second default, the respondents elected that the whole of the principal debt should be immediately due and payable, and brought suit to foreclose the mortgage.   A decree was entered for the whole amount of the principal, together with the arrears of interest.

The appellants contend that this decree is erroneous, insisting that the respondents, by failure to exercise their option to have the principal become immediately due and payable on account of the first default in the payment of interest, lost their right to exercise such option on account of any subsequent default.

There is nothing in this contention.   By the terms of the bond and mortgage, the right was reserved to the mortgagee to demand immediate payment of the principal debt for *any* default in the payment of interest thereon.   This right recurred as each installment of interest fell due, and his failure to enforce it for one default did not operate to deprive the mortgagee of his option to call for the immediate payment of the principal for a subsequent default in the payment of interest, any more than it operated to relieve the mortgagor from the necessity of paying the subsequent installments as they fell due.

*Dumpor's Case, Sm. Lead. Cas. 119,* which is relied upon by counsel for the appellants as supporting his contention, seems to us to have no relevancy to the case in hand.

It is further urged on behalf of the appellants that the decree brought up by this appeal has, in fact, no existence, because, as it is claimed, it was never signed by the chancellor.   It is difficult to see, even if this was so, how it could benefit the appellant, for if there was no decree, then there was nothing for this appeal to operate on, and it would have to be dismissed as improvidently taken.

The fact that the decree has been sent up with the other proceedings, by the court of chancery, in pursuance of the appeal, justifies us in assuming that it is an existing judgment of that court.

The decree below should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, COLLINS, DEPUE,. DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON—13.

*For reversal*—None.