A motion to strike answer, under the present practice, is equivalent to exceptions under the old practice.
The complainants filed a bill to foreclose a mortgage made on August 29th, 1925, by defendants to Joseph Carfora, one of the complainants, to secure payment of $2,550. The mortgage (together with the bond accompanying same) is, by its terms, payable on September 1st, 1928. Interest is payable thereon at the rate of six per cent. per annum, quarter-annually from September 1st, 1925. Both the bond and mortgage contain a provision that should any installment of interest remain unpaid for thirty days after same shall fall due, then the whole principal sum, with all unpaid interest, may, at the option of the mortgagee, his representative or assigns, become immediately due and payable. Joseph Carfora, on March 29th, 1926, assigned the aforesaid mortgage (and bond) to Alfonso Lettieri, one of the complainants herein. The complainants have argued that the answer is sham and frivolous. My consideration of the proofs and argument actuates me in determining that the complainants' contention cannot be sustained. It appears that shortly after the execution of the mortgage (and bond) the mortgagee, Carfora, informed the defendants-mortgagors that, notwithstanding the mortgage and bond provided for the payment of interest quarter-annually, he would prefer to have payment of interest made to him semi-annually. The defendants, accordingly, paid to the mortgagee (Carfora) on March 1st, 1926, the sum of $76.50, being six months' interest from September 1st, 1925, to March 1st, 1926, and on September 1st, 1926, paid to Carfora $76.50 for six months' interest for the period from March 1st, 1926, to September 1st, 1926. On February 27th, 1927, the defendants tendered to Carfora, at the latter's home, the sum of $76.50 for payment of six months' interest from September 1st, 1926, to March 1st, 1927. Carfora refused to accept said payment. An offer of payment was renewed by the defendants to Carfora a few days after February 27th, 1927, and Carfora again refused to accept same, stating that inasmuch as interest on the *Page 3 
mortgage (and bond) was required by the terms of the instruments to be paid quarter-annually, he had determined to foreclose the mortgage because of the non-payment of the quarter-annual interest which, by the terms of the mortgage (and bond) became due on December 1st, 1926.
It appears that the mortgage (and bond) were, by an instrument bearing date March 29th, 1926, assigned by Carfora, the mortgagee, to the complainant Alfonso Lettieri. Counsel for defendants, on the hearing of the motion, argued that making the assignee of the mortgagee a party complainant, was improper. It appears from the proofs that the aforesaid assignment was made as collateral security for an indebtedness owing by Carfora to Lettieri. In Derechinsky v. Epstein et al., 98 N.J. Eq. 79;affirmed, 99 N.J. Eq. 447, it was held that the assignor of a mortgage may foreclose the mortgage, making the assignee a party, especially where, as in the case sub judice, the mortgage was assigned as security, or pledged for a loan less than the amount of the mortgage. Whether the assignee be made a party complainant or defendant is of no material consequence. Complainants conceded, upon the argument, the facts alleged by the defendants as to the agreement between the defendants and Joseph Carfora, mortgagee, as to the payment of interest semi-annually instead of quarter-annually, as provided by the mortgage, and did not deny that defendants had been paying interest semi-annually to Carfora; complainants urged, however, that both Carfora, the mortgagee, and Lettieri, the assignee of the mortgagee, informed the defendants, during the month of December, 1926, that they, the defendants, would be obliged to make payment of quarter-annual interest before the expiration of the thirty days' grace provided for in the default clause of the mortgage; and complainants rely, as corroboration of their claim in this respect, upon an affidavit made by Maria Mistretta, one of the defendants, bearing date April 29th, 1927, and filed herein. Said affidavit recites, among other things, that some time in December, 1926, Carfora visited her house with another man whose name she did not know, and asked her to *Page 4 
sign a paper; that Carfora said he wished to sell the mortgage in question, and wanted her and her husband to sign said paper. Said affidavit discloses that she and her husband manifested fear to sign the paper submitted to them because they did not thoroughly understand the purport thereof, and neither of them could read or write the English language. She says a friend of hers, who was present in her house at the time, read the paper to her, and explained that it was an agreement whereby she should pay the interest on the mortgage every three months to the man (Lettieri), who was to buy the mortgage from Carfora, and she thereupon signed the paper; but it was not signed by her husband, Emanuele Mistretta. Such affidavit also discloses that toward the end of February, 1927, the defendants received a letter from Mr. Joseph Alsofrom (who is the solicitor of the complainants), stating that as three months' interest due on the mortgage December 1st, 1926, had not been paid, and had remained unpaid for thirty days thereafter, his client, Mr. Carfora, insisted upon payment of the principal and interest of the mortgage. Upon receipt of said letter, Mrs. Mistretta went to Carfora's house and offered to him the sum of $76.50, the six months' interest which would be due on March 1st, 1927, and said offer was refused. Mr. Mistretta went to Carfora's home a few days thereafter and made a like tender, and Carfora again refused to accept said payment, saying that everything was in the hands of his attorney. The aforesaid affidavit also recites that if the mortgagee wanted to have the mortgage interest paid to him every three months, as provided by the mortgage, the defendants would have been glad to pay it in that way, and that their only reason for making payment of the interest semi-annually was because of the mortgagee having expressed to them his preference therefor. The affidavit further recites the readiness and willingness of the defendants to pay the mortgage interest in arrears.
The complainants deny such assertions of the defendants, and in view of the fact that the mortgagee, Carfora, agreed to, or, at least, acquiesced in, the payment of the mortgage interest at times other than as provided by the bond and *Page 5 
mortgage, the burden is on the complainants to prove that they gave the defendants reasonable notice that they would be required to pay such interest as called for in the bond and mortgage, and such burden they have not sustained.
As stated by Vice-Chancellor Leaming, in South Camden TrustCo. v. Stiefel, 101 N.J. Eq. 41, the procedure followed on motions to strike an alleged sham pleading is regarded as merely an inquiry as to whether there is an issue of fact to be tried; a distinction being recognized between the determination whether there is a real issue to be tried and the trial of an issue upon a motion; whether what in form is an issue is a real issue. It is also stated in the case cited that since a pleading which bases a defense on matters which are untrue is a mere sham and an obstruction of justice in a pending suit, in this state it has been thought to be within the powers of the court to test the truth of the defensive matter by affidavits filed in support of a motion to strike the pleading from the records.
It would be inequitable and unconscionable, in my judgment, for the complainants to take advantage of the defendants' alleged default in the payment of interest which was said to have been due and payable December 1st, 1926, or, upon allowance of the thirty days' grace as provided in the default clause of the mortgage, on January 1st, 1927.
In the case sub judice it is manifest that the time specified for payment of interest on the mortgage was extended by parol. Such is permissible in law; and payment accordingly will prevent a default. Tompkins v. Tompkins, 21 N.J. Eq. 338; Bell v.Romaine, 30 N.J. Eq. 24 (at p. 28); De Groot v. McCotter,19 N.J. Eq. 531.
Of course, if this case was one in which the mortgagee merely neglected to exercise his option to require payment of the principal of the mortgage the first time there was a failure to pay an installment of interest within the time limited therefor, the mortgagee would not be deprived of the right to elect that the principal should become immediately due and payable on account of a subsequent default in the payment of interest.Industrial Land Development *Page 6 Co. v. Post, 55 N.J. Eq. 559. And where, as in this case, the mortgagee waived the payment of interest according to the terms of the mortgage, and the fact that the mortgagors were making payment to the mortgagee of interest in semi-annual payments, instead of quarter-annual payments as provided by the mortgage, in accordance with agreement between the mortgagor and mortgagee therefor, the default contemplated and provided against in and by the mortgage has not happened. De Groot v. McCotter, supra
(at p. 534). In the case last cited it was held that when default had been brought about by inequitable conduct on the part of him who seeks to take advantage of it, the court will not enforce the agreement. See, also, Ackens v. Winston, 22 N.J. Eq. 445.
One who resorts to a court of conscience to enforce a forfeiture must be free of blame in the transaction. Wilson v.Bird, 28 N.J. Eq. 352. I do not regard the complainants to be free of blame as to when the defendants considered they should make payment of interest on the mortgage. I appreciate that the right to foreclose a mortgage in advance of the due-date, for non-payment of interest, vests in the mortgagee, unless the default be occasioned by the acts or declarations of such mortgagee. Derechinsky v. Epstein et al., supra, and cases cited therein.
In the case of De Groot v. McCotter, supra (at p. 534), the court quotes from the case of Albert v. GrosvenorInvestment Co., 3 L.R. (Ct. Q.B.) 123, as follows:
"I see nothing which goes to show that if by the consent of the person who is to receive payment the time of payment is extended, the omission to pay within the time specified must be a `default' within the meaning of the word in the bill of sale; and it would be monstrous to hold that it was a default, for the mortgagee might always lead the mortgagor into a snare by consenting that the time for payment should be extended, and then coming down upon him by insisting that there had been a default."
The complainants urge also, as a basis for their motion to strike defendants' answer, that it does not give the particulars or details claimed as constituting a defense, but, as was stated by counsel for the defendants on the argument, *Page 7 
such objection is not a proper cause for the striking out of an answer, on motion, because chancery rules 44 and 45 afford the complainants ample means whereby they may secure further particulars or details, if such be deemed requisite or necessary.
I will advise an order denying complainants' motion to strike the answer.
It appears to me, too, that further proceedings in the mortgage foreclosure suit should be stayed, upon payment by the defendants to the complainants of all interest now due on the mortgage, and the payment also of arrears of municipal liens. I will advise an order that, upon payment to the complainants, within ten days from the date of the order, service of a copy of which shall be made upon complainants within two days of the date thereof, of all moneys due for interest on the mortgage (and bond) to September 1st, 1927, and arrears of municipal taxes, water rents, and assessments, if any, the mortgage foreclosure proceedings be stayed until default made in any interest payments hereafter to become due according to the conditions of the bond and mortgage — that is, quarter-annually — inasmuch as the defendants have made known their willingness to make payment accordingly; or until default be made in the payment of municipal taxes, water rents and assessments, within the time required to be paid in accordance with the statute in such case made and provided, and/or the provisions of the bond and mortgage aforesaid.
Both of the aforesaid orders shall be without costs. *Page 8