104 N.J. Super. 354 (1969)
250 A.2d 50
BALMORAL ARMS, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
MYRON RUTKIN, SYLVIA ROSENBERG, LILLIAN BRILL KURTIN, HOWARD STRAUS AND IRVING WERNER, PARTNERS, TRADING AS BALMORAL ARMS, 365 PARK AVENUE CORP. A CORPORATION OF THE STATE OF NEW JERSEY, HARRY BROWN, PAUL ROSENBERG, BURTON L. EICHLER, HARRIS R. SILVER, BERNARD D. BARNETT AND EDWARD ELMAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 24, 1969.
*355 Mr. Sidney Hertz for plaintiff (Messrs. Stout & O'Hagan, attorneys).
Mr. Burton L. Eichler for defendants Myron Rutkin, Sylvia Rosenberg, Lillian Brill Kurtin, Howard Straus and Irving Werner, Partners, t/a Balmoral Arms, 365 Park Avenue Corp., Harry Brown, Paul Rosenberg, Burton L. Eichler and Harris B. Silver (Messrs. Eichler, Rosenberg & Silver, attorneys).
Mr. Robert S. Feder for defendants Bernard D. Barnett and Edward Elman.
LANE, J.S.C.
This action was instituted to foreclose a second mortgage on apartment property located in the *356 Borough of Matawan, County of Monmouth. The matter is before the court on final hearing.
The mortgage in the amount of $112,500 was executed October 30, 1967 by defendant 365 Park Avenue Corp. to plaintiff as security for a note of the same date. Thereafter the property was conveyed by 365 Park Avenue Corp. to defendant's Myron Rutkin, Sylvia Rosenberg, Lillian Brill Kurtin, Howard Straus and Irving Werner, partners trading as Balmoral Arms (mortgagor). Defendants Harry Brown, Paul Rosenberg, Burton L. Eichler and Harris R. Silver are joined as holders of a third mortgage. Defendants Bernard D. Barnett and Edward Elman are joined as assignees of the mortgage sought to be foreclosed, they having refused to join as plaintiffs. The assignment of the mortgage was made as collateral security for the payment to Barnett and Elman by plaintiff of a note in the amount of $56,250.
Under the terms of the mortgage, interest was to be paid at the rate of 6% monthly for the first five years and at the rate of 6-1/4% monthly during the balance of the mortgage. There was no provision for amortization during the term of the mortgage, the entire principal sum becoming due June 1, 1977. The mortgage contained an acceleration clause for a 15-day default in the payment of interest.
Under date of March 1, 1968, the date of the assignment of the mortgage to Barnett and Elman, plaintiff's attorney wrote to the attorney for the mortgagor as follows:
"Please be advised that Balmoral Arms has this day assigned the above mortgage which is recorded in Book 2680 Page 651 in the amount of $112,500.00 to Mr. Bernard D. Barnett and Edward Elman.
The March 1st interest payment of $562.50 should be sent to Balmoral Arms c/o Allan Steinman, 275 Garfield Avenue, Oakhurst, N.J. Interest payment due April 1, 1968 and thereafter should be forwarded in favor of the above named parties, c/o Elman and Ornstein, 295 Madison Avenue, New York, N.Y. 10017."
Prior to March 1, 1968 all payments of interest had been made by regular mail. Plaintiff's president testified that the *357 interest payment due March 1, 1968 was not received. By letter dated March 22, 1968 plaintiff's attorney advised the mortgagor's attorney that plaintiff exercised its option to accelerate the mortgage and demanded payment of the principal amount due plus accrued interest.
On March 4, 1968 the managing agent of the mortgagor, whose office was in Newark, drew check No. 1013 to the order of plaintiff and mailed it regular mail to the address specified in the March 1, 1968 letter. 275 Garfield Avenue, Oakhurst, New Jersey, is the home of plaintiff's president. That check was never presented for payment nor was the envelope, which had a return address, returned to the sender. Upon receipt of the March 22, 1968 letter a replacement check (check No. 1033) was drawn to plaintiff's order and promptly sent. On March 29 that check was returned by the attorney for plaintiff with a statement that this action was being instituted. During the month of March there were more than sufficient funds in the mortgagor's account for the payment of check No. 1013. The good faith of the mortgagor is evidenced by the prompt sending of the replacement check.
It is admitted that there are two payments of interest due to plaintiff, the first payment being the one due March 1. The April payment was made by the mortgagor to Barnett and Elman. In May, however, plaintiff made the payment to Barnett and Elman, as a result of which the May check sent by the mortgagor was returned. All subsequent payments were made to Barnett and Elman by the mortgagor.
In view of the fact that the mortgage was assigned as collateral security for a loan of less than the amount of the mortgage, plaintiff has standing to institute this action in its own name. Lettieri v. Mistretta, 102 N.J. Eq. 1, 3 (Ch. 1927); 20 N.J. Practice (Ackerson and Fulop, Skills and Methods), § 2023, pp. 402-403 (1960). The provision in the mortgage granting to the mortgagee the option to accelerate the maturity of the debt upon a default in the payment of interest is a legitimate contractual stipulation. *358 Gilbert v. Pennington Trap Rock Co., 135 N.J. Eq. 587, 591 (Ch. 1944).
The plaintiff alleges a default because of the nonreceipt of the check mailed for the March 1 interest payment, relying upon Weisberger v. J.G. Corporation, 107 N.J. Eq. 61 (E. & A. 1930). In that case it was held:
"The mailing of a check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an expressed or implied agreement to that effect, a payment or discharge of the debt; and the mere fact that a creditor accepts a check forwarded him by mail, in one instance, does not indicate that he desires all future payments to be made in that manner." (at pp. 62-63)
The court finds from the course of dealing between the parties that plaintiff assented to the payments being sent by mail. All payments before March 1 were sent by mail without objection. The letter of March 1 clearly indicates plaintiff's assent to the sending of the payments by mail. The mortgagor was instructed in that letter that the March mortgage payment "should be sent" to plaintiff in Oakhurst, New Jersey. The addition of the zip code to the address for future payments could be for no purpose other than mailing. See 70 C.J.S. Payment § 7 (1951).
Plaintiff argues that even assuming the check was received, receipt of the check by itself would not be payment. It is true that under common law a check received for the payment of a debt is not in fact payment unless the check is paid, "except in cases where it is positively agreed to be received as payment." State v. United States Steel Corp., 12 N.J. 38, 45 (1953). Although there was no agreement to receive a check in and of itself as payment unless the check was paid, the mortgagee did agree to receive payments of interest by check through the mail. The receipt of such a check would suspend the obligation pro tanto until the presentment of the check. N.J.S. 12A:3-802(1) (b). Here the mortgagor drew the check on March 4, 1968 and deposited it that day in the United States mail. This was in *359 accordance with plaintiff's implied consent. There was no negligence, inadvertence or other conduct on the part of the mortgagor that led to the failure of plaintiff to receive the check. By reason of the fact that plaintiff consented to the payment of the interest by mail, the risk of loss in the event of nondelivery fell upon plaintiff and not the mortgagor. 40 Am. Jur., Payment, § 36, p. 737. Under the facts of this case the failure of plaintiff to receive the March 1 payment through the mail does not result in the loss of the mortgagor's rights through nonpayment and will not sustain this action.
An almost identical situation was before the court in Console v. Torchinsky, 97 Conn. 353, 116 A. 613 (Sup. Ct. Err. 1922). There it was held that the risk of the nonreceipt of a check mailed in payment of interest on a mortgage fell upon the mortgagee and not upon the mortgagor. Cf. DeGroot v. McCotter, 19 N.J. Eq. 531 (E. & A. 1868); 2 Pomeroy, Equity Jurisprudence (5th Ed. 1941), § 439, p. 219; Annotation, 70 A.L.R. 993 (1931).
In view of the holding above, it is not necessary to deal with the counterclaim filed by defendants Barnett and Elman.
Upon payment to plaintiff within ten days of the March and May payments of interest in the amount of $562.50 each, the complaint will be dismissed.