RONALD ANDERSON, PLAINTIFF, v. METROPOLITAN LIFE
INSURANCE CO., ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

Decided October 30, 1987.

*Lewis N. White, III,* for Plaintiff Ronald Anderson

*Eugene M. Haring,* for Defendant Metropolitan Life Ins. (Mc Carter & English, attorneys)

*Michael O. Bertone,* for Defendant Broad National Bank (Karp & Bertone, attorneys)

REAVEY, J.S.C.

This motion raises a novel issue. A claim is being made by plaintiff for payment of life insurance proceeds already paid by a check issued from defendant Metropolitan Life Insurance Co. to plaintiff, the proper beneficiary. The plaintiff's father forged plaintiff's endorsement and left the State with the insurance proceeds. These cross motions raise the novel issue as to the obligation of defendant Metropolitan, having performed its obligations under the policy, to pay again in these circumstances.

The plaintiff, Ronald Anderson, was named as the beneficiary on a life insurance policy issued by the defendant Metropolitan for his mother, Evelyn Anderson, in the amount of $23,000. On June 9, 1981, Mrs. Anderson died. The plaintiff signed the claim for death benefits in blank for his father, Hilbert Anderson, who is also a third party defendant.

Metropolitan received that claim form on or about June 22, 1981, which was signed by the plaintiff and indicated that his address was 148 Lewis Street, Perth Amboy. On July 10, 1981, Metropolitan sent a check in the amount of $23,131.85, that was the face value of the policy plus interest payable to the plaintiff, to that Lewis Street address.

During this time the plaintiff was living there with his father. The signature on the back of the check purports to be that of the plaintiff. Plaintiff denies ever signing the check and maintains that the signature is his father's.

Apparently Hilbert Anderson signed the son's name without permission, signed his own name and deposited the check in his account at Broad National Bank.

That check was deposited July 17, 1981, and that was two weeks after Hilbert Anderson opened the account. Chase Manhattan Bank, the drawee bank, paid the check and that bank has not been named yet as a defendant in this case.

On or about September 1981 the plaintiff found an envelope in his mother's handwriting stating not to open it until her death. Plaintiff opened it, found a blue piece of paper which he later discovered was a claim form and started to think his mother had life insurance. However, plaintiff did not do anything at this point because the estate was being settled by the attorney.

Thereafter, perhaps six months thereafter, plaintiff asked his father if the estate was settled. Plaintiff then thought something was wrong because his father was leaving for months, coming back for brief intervals, not paying any of the bills of the household. Plaintiff found his father's passbook from Broad National Bank in 1985 and it was at this time that he made a claim to Metropolitan for the death benefits, which Metropolitan had paid some four years earlier. And Metropolitan, therefore, denied the plaintiff's claim.

It is not disputed that Metropolitan discharged its obligation under the insurance contract by causing the check to be sent to the address on the claim form. Plaintiff's position is that Metropolitan is still liable to him for the proceeds because he did not receive the proceeds. However, Metropolitan received a claim form with plaintiff's signature, issued a check payable to plaintiff.

As defendant Metropolitan points out, they were under no duty to personally deliver the check to the plaintiff. In this regard plaintiff by signing the claim form consented to the use of the mails for payment according to *Balmoral Arms v. Rutkin*, 104 *N.J.Super.* 354 (Ch.Div.1969).

There are no cases in New Jersey directly on point, but logically Metropolitan has to be let out of this case. Nothing

was done that should not have been done. And nothing was not done that should have been done factually.

Plaintiff has a cause of action against the Broad National Bank, perhaps Chase Manhattan, certainly his father; and should pursue those claims.

There is no genuine issue of material fact and defendant Metropolitan's motion for summary judgment is granted. They are not liable to the plaintiff nor to the Broad National Bank.